[Cite as *Jones v. Mellinger*, 2014-Ohio-722.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| WILLIAM JONES, et al., | ) | CASE NO.   13 CO 11 |
| | ) | |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| DAVID MELLINGER, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas Court,
Case No. 12CV194.

JUDGMENT:      Reversed and Remanded.

APPEARANCES:
For Plaintiffs-Appellants:      Attorney Donald Leone
4800 Market Street, Suite D
Youngstown, Ohio  44512

For Defendants-Appellees:      David Mellinger, *Pro se*
16254 John Street
East Liverpool, Ohio  43290

Attorney Andrew Kabat
737 Bolivar Road, Suite 4400
Cleveland, Ohio  44115
(For Karen Smith dba Tri Ohio Realty)

Attorney Catherine Peters
Sixth Floor – Bulkley Building
1502 Euclid Avenue
Cleveland, Ohio  44115
(For George Gbur)

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  February 18, 2014

VUKOVICH, J.

**{¶1}** Plaintiff-appellants William and Kimberly Jones appeal the decision of the Columbiana County Common Pleas Court granting the motion to enforce settlement filed jointly by multiple defendants. The defendants' position was essentially that, although the surveyor expressed issues with replatting, a settlement was reached which was not dependent on such issues and that a free and clear title could still transfer. The plaintiffs asserted that the condition of a free and clear transfer may not be attainable and also urged that there was no agreement.

**{¶2}** We conclude that the trial court should have held an evidentiary hearing before enforcing the alleged settlement agreement. For the following reasons, the judgment of the trial court is reversed, and the case is remanded for such a hearing.

STATEMENT OF THE CASE

**{¶3}** David and Eileen Mellinger owned real property in St. Clair Township containing structures with addresses: 16254, 16260, 16270A, and 16270B Jones Road, East Liverpool, Ohio. The structures shared a gravel drive which met the street at the property addressed 16254. In March 2011, the Mellingers sold the two houses at 16270 to the Joneses. They entered a purchase agreement evidencing the sale of the property known as 16270 Jones Road for $27,500.

**{¶4}** The June 2011 deed only ended up transferring a parcel of property containing 16270B. Apparently, a different parcel contained 16270A, the house into which the Joneses moved. The latter parcel also contained 16260, which house was not part of the purchase agreement.

**{¶5}** In February of 2012, the Columbiana County Treasurer initiated a foreclosure action for unpaid taxes against the Mellingers regarding the parcel containing the house in which the Joneses lived. It was then they realized that the deed only transferred the smaller house in the southwest corner of the Mellingers' property and did not also transfer the larger house in the northwest corner.

**{¶6}** A month later, the Joneses filed suit against the Mellingers, their realtor Karen Smith dba TriOhio Realty, and Attorney George Gbur. (They also named the treasurer and the water and sewer department due to the potential liens.) They

asserted breach of contract, constructive trust, reformation of the deed, realtor malpractice, and attorney malpractice. A trial was set for April of 2013, and a pretrial telephone conference was held in September of 2012.

{¶7} On December 7, 2012, the main defendants filed a joint motion to enforce settlement, claiming that a settlement agreement was reached but the plaintiffs would not sign the release. Attached to the motion were various emails used to support the claim that a settlement had been reached.

{¶8} The first attachment was a June 22, 2012 email from defense counsel to the plaintiffs' attorney, which provided an increased and final offer, stating that Mellinger would contribute $3,000 and execute the necessary documents to transfer the subject property and the attorney and the realtor would each contribute $5,000 for a total of $13,000. The email opined that this should satisfy the plaintiffs' last request that the defendants pay the entire $11,921.66 tax delinquency and $1,500 for surveying and replatting costs. The email stated that the offer would remain open until June 29, 2012.

{¶9} The defendants' second attachment was the emailed response from counsel for the plaintiffs, which provided:

Thank you for your letter of June 22, 2012. Your proposal is acceptable as long as we get the full cooperation of Mr and Mrs. Mellinger and we are delivered a free and clear title to the premises after payment of the taxes from the settlement proceeds.

Please forward the funds in the amount of $13,000 payable to William H. Jones, Kimberly Jones and their Attorney Donald Leone.

To avoid the problem of potential intervening liens, hopefully we can have this matter resolved in the next 14 days. Please prepare release and settlement agreement for the parties to sign.

(Email of June 29, 2012)

{¶10} The defendants' third attachment was the notice of dismissal and release that the defense prepared for the plaintiffs' signatures. The fourth attachment was an August 15, 2012 email from defense counsel said to be

confirming plaintiff's counsel's oral statements that the notice of dismissal and release were acceptable and that he expected the plat map work to be completed by the end of the month. Therein, defense counsel also asked that plaintiffs sign the documents in the interim and return them to him

**{¶11}** The fifth attachment was an October 23, 2012 letter from plaintiffs' counsel enclosing the survey and a letter from the surveyor. The surveyor stated that both the East Liverpool Planning Commission and the Columbiana County GIS/Tax Map Department denied approval of the proposed subdivision of the properties. The first problem was that the Columbiana County Conveyance Standards require a minimum of 30 feet of frontage along a dedicated and approved public right-of-way but these properties are landlocked and over 157 feet from the nearest public right-of-way. The second problem he encountered was the Columbiana County Health Department's requirement of a separate water well and septic system and a minimum lot area on a parcel for each residence, with which these properties would not comply.

**{¶12}** The surveyor's letter concluded, "Though the proposed subdivision was denied, these parcels may be conveyed in their current configuration but would be considered non conforming, and would still not meet the forementioned Columbiana County Health Department requirements." Based on the surveyor's letter, the plaintiffs' counsel concluded: "This new information adds problems, costs and additional potential liability to the plaintiffs that makes our proposed settlement not workable."

**{¶13}** The defendants' motion argued that the settlement was reached before and without regard to the potential issues articulated by the surveyor. The defendants characterized this as a mere change of mind and urged that the settlement should not be eliminated simply because additional costs may be associated with the transaction.

**{¶14}** On December 10, 2012, the trial court filed an entry providing the plaintiffs until January 4, 2013 to respond and stating: "Thereafter, the Court will

review all the filings pertaining to the Motion to Enforce and either set the matter for Telephone Conference or actual Evidentiary Hearing."

**{¶15}** The plaintiffs filed a timely response. The response stated that any settlement was clearly based upon the Mellingers delivering a clear title to the disputed property and alleged that this could not be done due to the major problems outlined in the surveyor's letter. The response contended that no title transfer can be completed because of the objections of the city and county. The response also noted that the defendants engaged in no further efforts after the survey to correct the problems.

**{¶16}** The plaintiffs then characterized the emails as mere discussions of compromise rather than an actual settlement agreement, stating that the delivery of clear title was a precondition to an agreement. The response also stated that the defendants presented insufficient evidence of a binding settlement agreement, mentioning a lack of corroborating evidence and claiming the emails are excluded by Evid.R. 408 as settlement discussions. The affidavit of plaintiffs' attorney was attached wherein he stated that no binding agreement was made, the discussions in the documents were offers of compromise, and a "condition precedent to any discussion agreement was that Defendants Mellinger must provide and transfer * * * a free and clear title." The attorney pointed to the surveyor's letter and concluded that no title transfer could be completed.

**{¶17}** On January 14, 2013, the defendants filed a reply, which urged that the emails do not represent mere settlement discussions but show a clear and unequivocal acceptance. The reply stated that the Mellingers are ready, willing, and able to deliver free and clear title to the property and insisted that the surveyor's letter does not preclude settlement because it concludes by stating that the parcels may be conveyed in their current configuration (but they would be considered non-conforming). The reply voiced that the right-of-way and septic/well issues are items that plaintiffs would have had to contend with if the property was transferred at the outset, noting that those issues were not specifically part of this lawsuit and there are unexpected costs associated with many real estate transactions.

**{¶18}** On January 22, 2013, the trial court granted the defendants' motion to enforce settlement without holding the telephone conference or evidentiary hearing specified in the court's December 10, 2012 judgment entry. The court's January 22 entry enforcing settlement stated that the court elected to handle the matter on a non-oral basis. The court quoted the email from plaintiffs' counsel and highlighted the portion stating, "Your proposal is acceptable * * *." The court noted that the plaintiffs did not dispute the claim that they later agreed with the dismissal entry and release presented by the defendants. The court concluded that the written communication clearly shows a settlement agreement.

**{¶19}** After agreeing that any settlement required the delivery of free and clear title after payment of taxes from the settlement proceeds, the court concluded that the surveyor's letter (submitted by both parties) indicated that the problems cited do not prevent conveyance of the property. The court also opined that any problems that arose here would have occurred if the transfer had been previously accomplished. The court thus ordered the plaintiffs to execute the dismissal and the release agreed upon and the defendant to pay $13,000 and execute all necessary documentation to transfer the subject property.

**{¶20}** On February 1, 2013, the plaintiffs filed a motion for a new trial under Civ.R. 59(A)(1) urging in part that the defendants misinterpreted the surveyor's letter as the defendants could not in fact deliver free and clear title, attaching an affidavit from the surveyor clarifying the inability to transfer free and clear title and a letter from the city requiring a 30 foot access strip to a legally defined road is provided. On February 20, 2013, the trial court denied the motion for new trial.

**{¶21}** On February 21, 2013, the plaintiffs filed a timely notice of appeal. As this appeal is only from the January 22, 2013 judgment entry granting the motion to enforce settlement, the attachments to the motion for new trial cannot be relied upon in this appeal. Appellants raise the following two assignments of error on appeal:

**{¶22}** "THAT THE TRIAL COURT'S FINDING THAT THERE WAS A VALID ENFORCEABLE SETTLEMENT AGREEMENT BETWEEN THE PLAINTIFFS AND

DEFENDANTS IS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**{¶23}** "THAT THE TRIAL COURT'S DECISION WAS BASED ON ARGUMENT AND BRIEF OF COUNSEL AND NO EVIDENTIARY HEARING WAS HELD PRIOR TO THE COURT'S JUDGMENT AND ORDER AS REQUIRED BY LAW."

<u>GENERAL LAW</u>

**{¶24}** A settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and is valid and enforceable by either party. *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1995). A meeting of the minds as to the essential terms of the contract is required. *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 15-16 (although it is preferable that a settlement be memorialized in writing, an oral settlement agreement may be enforceable if there is sufficient particularity to form a binding contract).

**{¶25}** Once there is such a meeting of the minds, one cannot refuse to proceed with settlement due to a mere change of mind. *See, e.g., Mack v. Polson Rubber Co.*, 14 Ohio St.3d 34, 37, 470 N.E.2d 902 (1984); *Stanton v. Holler*, 7th Dist. No. 07BE29, 2008-Ohio-6208, ¶ 1; *Charvat v. Oasis Mtg., Inc.*, 10th Dist. No. 02AP-1090, 2003-Ohio-2879, ¶ 14. For instance, we concluded in *Stanton* that a settlement agreement was enforceable where the plaintiff wished to avoid the settlement because counsel may have made a mistake in his research regarding the preservation of another claim. *Stanton*, 7th Dist. No. 07BE29. And, in *Mack*, the appellant filed no response to the motion to enforce and counsel agreed at an oral hearing that a settlement was reached but the client was no longer satisfied with the agreement.

**{¶26}** Even if the parties actually entered an agreement, the trial court evaluating a motion to enforce settlement must evaluate whether the parties' expressions are uncertain due to or "in light of accompanying factors and circumstances" arising in the particular case. *Rulli v. Fan Co.* (1997), 79 Ohio St.3d

374, 376, 683 N.E.2d 337 (1997). " 'To constitute a valid settlement agreement, the terms of the agreement must be reasonably certain and clear,' and if there is uncertainty as to the terms then the court should hold a hearing to determine if an enforceable settlement exists." *Kostelnik*, 96 Ohio St.3d 1 at ¶ 17, quoting *Rulli*, 79 Ohio St.3d at 376-377. The *Kostelnik* Court did note, however, that "[a]ll agreements have some degree of indefiniteness and some degree of uncertainty. *Id.* at ¶ 17.

**{¶27}** Thus, it is a well-established principle that where the parties dispute the existence, the terms, or the meaning of the terms of a settlement agreement, the trial court must conduct a hearing before entering judgment for a party and is precluded from adopting the movant's written position without conducting a hearing to resolve the dispute. *Rulli*, 79 Ohio St.3d at 377. *See also Mack*, 14 Ohio St.3d at 37 (an evidentiary hearing is required if there is a factual dispute as to the existence or the terms of the agreement or there are allegations of fraud, duress, or undue influence).

<u>LACK OF A HEARING</u>

**{¶28}** Appellants said the offer was acceptable, instructed the defendants to send a $13,000 check in the joint names of the plaintiffs and their attorney, and asked them to prepare the formal dismissal and release, expressing hope that they could have the matter resolved in the next 14 days. Appellants qualified their acceptance with a condition regarding the cooperation of the Mellingers and the delivery of free and clear title. The defendants urged and the trial court found that the issues mentioned by the surveyor would have arisen anyway at the time of sale if the defendants had transferred all the property intended. But, this does not mean that plaintiffs would have been forced to accept the property upon discovery of these issues or that plaintiff would have even been responsible for the costs to replat at that time.

**{¶29}** We emphasize that the house in which the Joneses live sits on a parcel of land that is not entirely being transferred. That is, the Joneses did not claim to purchase the entire parcel on which their house sits; the 16260 address is on that parcel as well. Thus, a subdivision and replatting had to be accomplished as can be seen in the defendants' own offer. As such, agreeing to transfer "the premises" can

be seen as unclear where the parcel to be transferred had to be surveyed and where the replatting is then denied by city and county officials. With a key term yet to be ascertained and a subsequent issue arising with the replat, a dispute as to the meaning of terms has been established.

**{¶30}** Additionally, the trial court found that the transfer was not blocked and that title can still transfer. The court relied upon the last statement in the surveyor's report: "Though the proposed subdivision was denied, these parcels may be conveyed in their current configuration but would be considered non conforming, and would still not meet the forementioned Columbiana County Health Department requirements."

**{¶31}** This statement is not clear as it says the parcels can be conveyed in their current configuration, but it says nothing about a free and clear title. It is also confusing in that it states that the parcels could be conveyed but would be non-conforming and then states "and would still not meet" the county requirements, suggesting that even if there was a way around the city issue, there would still be the county obstacle. Plus, it is unclear what the "current configuration" mentioned by the surveyor constitutes since the replat was rejected.

**{¶32}** Plus, this concluding sentence cannot be read in isolation. The surveyor reported that he performed a survey and subdivision of 16270 & 16260 but "regretfully" the city and county both *denied approval* of the proposed subdivision because the properties are landlocked without minimum frontage and because one of the properties does not have its own well and septic and is too small to have well and septic constructed thereon.

**{¶33}** The statements within the report and the implications of those statements are far from clear. Whether any conveyance would in fact be a "clear and free title" as required by the alleged settlement agreement could not be assumed from the letter and was disputed by the timely response of the plaintiffs. That timely response included the affidavit of plaintiffs' counsel stating that based upon the survey, the title transfer could not be completed.

**{¶34}** As it was not reasonably certain as to whether a clear and free title could be passed, the trial court could not summarily conclude that title could so pass. At the time of the settlement, the parcel to be transferred was not yet defined or in existence as it was part of another parcel. The terms requiring transfer of "a free and clear title to the premises" were in dispute due to "accompanying factors and circumstances" brought to the trial court's attention. *See Rulli*, 79 Ohio St.3d at 376.

**{¶35}** As aforementioned, where the parties do not dispute the terms, meaning, or existence of a settlement agreement, an evidentiary hearing is not required. *Rulli*, 79 Ohio St.3d at 377. However, if there is a dispute as to the existence or the terms of the agreement, a hearing is required. *Kostelnik*, 96 Ohio St.3d 1 at ¶ 17; *Rulli*, 79 Ohio St.3d at 376; *Mack*, 14 Ohio St.3d at 37. Thus, if a question arises as to whether the defendant is permitted by the government to transfer free and clear title to the plaintiff, which is a term of the settlement, we believe it is unreasonable to compel the plaintiff to proceed to settle without holding a hearing on the matter to ascertain the factual dispute and the ramifications of the replatting issues with regards to terms of the alleged agreement.

**{¶36}** Moreover, an evidentiary hearing can be required where a genuine factual dispute regarding impossibility or impracticability of settlement has arisen regarding a certain term. *See LEH Properties, Inc. v. Pheasant Run Assn.*, 9th Dist. No. 10CA009780, 2011-Ohio-516, ¶ 11. In that case, a hearing was not required because it was clear that the issue raised in support of the impracticability argument was known at the time of settlement as it is addressed in the agreement itself. *Id.*

**{¶37}** Here, there is no indication that the issues with replatting were known prior to the settlement. And, contrary to a claim of the defendants, there is no indication that this was *merely* a matter of increased costs anticipated under the settlement. The plaintiffs were under the belief that free and clear title could not be transferred. It was not proper for the trial court to disagree with this belief based upon the one sentence of the surveyor's report without holding an evidentiary

hearing.[1]   For all of these reasons, we reverse and remand for an evidentiary hearing.

## WRITINGS

**{¶38}** Finally, we address appellant's contentions concerning the ability to consider the writings submitted in support of the defendants' argument that a settlement was reached.  In a one-sentence statement, appellants state that there must be a writing that satisfies the statute of frauds since this is a real property matter.  After that lone sentence, appellants do not cite the statute, and the cases they cite do not mention the statute of frauds.  Pursuant to R.C. 1335.05, an action cannot charge a defendant upon a contract or sale of lands or interests in or concerning them unless the agreement upon which the action is brought is in writing signed by the party to be charged or by a person authorized by him.  Appellees contend that the statute of frauds is inapplicable to settlement agreements, noting that oral settlements of lawsuits are regularly enforced without regard to the statute of frauds (although they cite cases which did not involve realty).

**{¶39}** The lawsuit was filed by the plaintiff-appellant for land already purchased under a written contract that was inadvertently not included in the deed; this was an action to enforce a prior purchase agreement and to reform a deed that inadvertently failed to include all of the land included in the signed purchase agreement.  The motion to enforce the alleged settlement filed within that suit was not itself an action charging a defendant or a land transfer itself but was a motion by a defendant to enforce an agreement to perform.  The agreement concerned a defendant consenting to transfer the very land requested by plaintiff in the plaintiff's own complaint.

---

[1]We note that the defendants' motion to enforce settlement reviewed a case and noted that *after holding an evidentiary hearing*, the trial court enforced the settlement agreement where the plaintiff merely changed his mind.  *See Stanton*, 7th Dist. No. 07BE29.  There was no indication that the defendants, at the time they filed their motion, believed the matter would be ruled upon without a hearing.  In fact, the trial court ignored its own order which specifically ruled that the court would review the filings as of January 4, 2013 and either set the matter for telephone conference or for actual evidentiary hearing.  The court did neither of these things and instead ruled without allowing further comment from the plaintiffs.

**{¶40}** In any event, appellants' brief (like their response below) does not actually argue that the writings would not satisfy the statute of frauds or why they would not. Rather, appellants' focus here is on their attempt to eliminate the ability of the trial court to consider the writings by arguing the writings are inadmissible.

**{¶41}** That is, appellants assert that there must be admissible corroborating evidence of the defendants claim that there was a settlement. They review various cases dealing with enforcement of settlements and the evidence presented in each case. *See, e.g., Spercel v. Sterling Industries, Inc.*, 31 Ohio St.2d 36, 285 N.E.2d 324 (1972) (involving an in-court settlement); *Burrell Indus., Inc. v. Central Allied Ent.*, 7th Dist. Nos. 96BA18, 96BA25 (Dec. 15, 1998) (where there was hearing due to latent ambiguities in settlement and where movant presented testimony at hearing on motion to enforce settlement and other party did not refute the main claims); *Clemens v. Clemens*, 2d Dist. No. 07CA73, 2008-Ohio-4730 (speaking of the need for corroborating evidence besides the movant's statement).

**{¶42}** Appellants then urge that the writings cannot be corroborating evidence of defense counsel's argument because they are excluded from consideration by Evid.R. 408. This rule states that evidence of (1) furnishing, offering, or promising to furnish or (2) accepting, offering, or promising to accept consideration in compromising or attempting to compromise a claim which was disputed as to validity or amount, is not admissible *to prove liability for or invalidity of the claim or its amount.* Evid.R. 408. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. *Id.*

**{¶43}** *The rule then specifies that it does not require exclusion when the evidence is offered for another purpose. Id.* The rule is to preclude the use of negotiations or actual settlements at later trials for instance. Here, the communications were not offered to prove liability for or the invalidity of the claim or its amount. Rather, the communications were offered to establish that a settlement offer had been accepted by the plaintiffs.

**{¶44}** Thus, Evid.R. 408 is inapplicable to the use of the alleged offer and acceptance settlement communications in ruling on a motion to enforce settlement.

*See Hopes v. Barry*, 11th Dist. No. 2010-A-0042, 2011-Ohio-6688, ¶ 36.  Otherwise, there would be no such doctrine as court enforcement of out-of-court oral settlements, which doctrine does exist.  *See, e.g., Mack*, 14 Ohio St.3d at 36.  Accordingly, the arguments concerning the trial court's ability to consider the emails and other attachments to the defendants' motion are without merit.

**{¶45}**  For the reasons set forth in this opinion, the judgment of the trial court is hereby reversed and the case is remanded for an evidentiary hearing.

Donofrio, J., concurs.
DeGenaro, P.J., concurs.