[Cite as *Carbone v. Sericola*, 2014-Ohio-3526.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| RALPH CARBONE, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2013-T-0053** |
| FRANK SERICOLA, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2011 CV 1717.

Judgment: Affirmed.

*Gary J. Rosati*, Rosati Law Office, LLC, 860 Boardman-Canfield Road, Suite 102, Boardman, OH 44512 (For Plaintiffs-Appellees).

*Charles E. McFarland*, 338 Jackson Road, New Castle, KY 40050 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} This accelerated calendar appeal is from the Trumbull County Court of Common Pleas. Appellant Frank Sericola appeals the trial court's grant of summary judgment to appellees Ralph Carbone, Joseph R. Higley, Phillip K. Richburg, Fred Sargent, Maxine V. Savel, Darlene Shaulis, Raymond C. Smith, and Ron Zelenak (together "appellees") for appellant's involvement in running a Ponzi scheme defrauding appellees out of various amounts of money. Appellant alleges the affidavits supporting the summary judgment motion did not comply with Civ.R. 56(E) and the trial

court otherwise erred in finding sufficient evidence to grant summary judgment. He also alleges that the statute of limitations ran on appellees' complaint. For the following reasons, we affirm.

{¶2} Appellees are all investors in D.J. Harriett, Inc. ("Harriett"), a company appellees believed to be an approved "project manager" for the construction of McDonalds and Pioneer Chicken restaurants in the Northern District of Ohio. In 2010, appellees claim they discovered that Harriet was not a project manager for franchise restaurants. Instead the company was a front to run an elaborate Ponzi scheme.

{¶3} In running the Ponzi scheme, appellees allege that appellant induced appellees to invest by showing them interest checks he received from Harriett demonstrating the return he received on his investment with Harriett. Appellees also allege that appellant received various kinds of compensation for signing up new investors to the scheme. Appellant denies having any involvement with the Ponzi scheme.

{¶4} On October 10, 2012, appellees filed their motion for summary judgment to which appellant never filed a motion in opposition. The trial court granted summary judgment on liability deferring damages for later proceedings. In the middle of March of 2013, the parties reached a settlement agreement where appellant would turn over an annuity worth approximately $328,000 in exchange for a release of all claims. A month later, appellees filed a motion to enforce the settlement agreement. At a settlement hearing held shortly thereafter, appellant notified the court that he had fired his attorney. The court then proceeded to go forward with the settlement hearing and the parties signed an agreed judgment entry specifying that appellant would give up his annuity in exchange for a release of all claims.

2

{¶5}   Before we address the assignments of error, in supplemental briefing, appellant challenges the trial court's subject matter jurisdiction.  Specifically, he argues that appellees' complaint is based on R.C. 1707.43(A), and that such requires appellee to tender the securities either to the seller in person or in open court in order for the trial court to have subject matter jurisdiction.  Appellees, according to appellant, did not tender the securities, and therefore the trial court lacked subject matter jurisdiction.  "[E]ven when not raised by either party, the issue of subject matter jurisdiction may be raised sua sponte by the court at any stage of the proceedings, including for the first time on appeal."  *In re Graham*, 147 Ohio App.3d 452, 2002-Ohio-2407, ¶29 (7th Dist.).

{¶6}   R.C. 1707.43(A) provides that:

{¶7}   "Subject to divisions (B) and (C) of this section, every sale or contract for sale made in violation of Chapter 1707 of the Revised Code, is voidable at the election of the purchaser.  The person making such sale or contract for sale, and every person that has participated in or aided the seller in any way in making such sale or contract for sale, are jointly and severally liable to the purchaser, in an action at law in any court of competent jurisdiction, upon tender to the seller in person or in open court of the securities sold or of the contract made, for the full amount paid by the purchaser and for all taxable court costs, unless the court determines that the violation did not materially affect the protection contemplated by the violated provision."

{¶8}   The R.C. 1707.43 tender requirement does not go to the court's subject matter jurisdiction.  As stated, appellees could have tendered the securities either in person anywhere or in open court after the complaint is filed.  Because a tender in 'open' court after filing is permitted, it follows that the open court is one with subject matter jurisdiction even before tender.  Furthermore, the Ninth District has found that

3

tendering the securities *at trial* is sufficient to meet the requirement of R.C. 1707.43. *Wilson v. Ward*, 183 Ohio App.3d 494, 2009-Ohio-2078, ¶14 (9th Dist.). Quite obviously much occurs in a case before trial and it would defy all reason to conclude that the trial court lacked subject matter jurisdiction over the pretrial proceedings prior to tender. Moreover, at least one court has concluded the tender requirement is a condition precedent. *Crane v. Courtright*, 2 Ohio App.2d 125, 128 (10th Dist.1964). Without expressly deciding the "condition precedent" issue, it is sufficient to say that as condition precedent can be waived, they do not go to subject matter jurisdiction. *Corey v. Big Run Indus. Park, LLC*, 10th Dist. Franklin No. 09AP-176, 2009-Ohio-5129, ¶18; *State ex rel. Lawrence Dev. Co. v. Weir*, 11 Ohio App.3d 96, 97 (10th Dist.1983). Accordingly, the tender requirement does not go to the trial court's subject matter jurisdiction.

{¶9} Appellant also alleges that appellees' failure to plead the tender of the securities either in their complaint or their motion for summary judgment means they lacked standing and thus the trial court lacked jurisdiction. However, appellant's argument here is merely a repeat of his subject matter jurisdiction argument and for reasons already stated likewise fails when postured in standing terms. To establish standing, plaintiffs must show that they suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief. *Moore v. City of Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, ¶22. Generally speaking, appellees allege (1) appellant fraudulently induced appellees to making certain junk investments, (2) appellees lost money as a result of the investments they made and (3) appellees seek compensation for the damages incurred. Accordingly, the trial court had jurisdiction.

**{¶10}** As his first assignment of error, appellant alleges that:

**{¶11}** "The Trumbull County Court of Common Pleas erred in granting a motion for summary judgment in favor of the plaintiffs."

**{¶12}** Within this assignment appellant alleges there were four reasons why granting summary judgment was in error. First, appellant alleges the accompanying affidavits in support of the motion for summary judgment did not comply with Civ.R. 56(E). Second, he alleges that the court erred in granting summary judgment because two affidavits did not have a certified copy of the note attached to two affidavits and said affidavits violated Civ.R. 56(E). Third, appellant challenges the sufficiency of the evidence to demonstrate appellees are entitled to relief. Finally, appellant claims that the statute of limitations on appellees' claims has run.

**{¶13}** We need not reach the merits of any of appellant's claims. When a settlement is reached between the parties and the right of appeal is not explicitly preserved, the parties waive the right to appeal any issues other than those related to the formation or acceptance of the settlement. *Kerwin v. Kerwin*, 6th Dist. Lucas No. L-04-1002, 2004-Ohio-4676, ¶9. As appellant attacks the basis of granting summary judgment and not the settlement agreement itself, all of his issues are waived.

**{¶14}** As his second assignment of error, appellant alleges that:

**{¶15}** "The Trumbull county Court of Common Pleas erred in going forward with the case when it had ruled that counsel for Frank Sericola could withdraw from the case without taking steps to ensure that the interests of Frank Sericola were protected."

**{¶16}** Within this assignment of error, Sericola alleges that the trial court did not properly ensure that the Rules of Professional Conduct were followed when the trial court accepted the withdrawal of Sericola's attorney on the day of the settlement

5

enforcement hearing. First he claims that 1.16(d) was not followed because appellant was not delivered all property that Sericola's attorney was required to turn over to him before appellant agreed to the settlement. He also claims that the trial court coerced him into settling the case, which would not have happened if Sericola had an attorney. However, his argument ignores the fact that appellant actually settled the case on March 12, 2013, before he terminated his attorney. The April 23 agreed judgment entry just restated the previously agreed to terms.

{¶17} "'Where the parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract.' *Blakemore*, at ¶23, citing *Walther v. Walther* (1995), 102 Ohio App.3d 378, 383, 657 N.E.2d 332. 'The enforceability of an in-court settlement agreement depends upon whether the parties have manifested an intention to be bound by its terms and whether these intentions are sufficiently definite to be specifically enforced.' *Id.*, quoting *Franchini* at ¶9, citing *Normandy Place Assoc. v. Beyer* (1982), 2 Ohio St.3d 102, 105-106, 2 Ohio B. 653, 443 N.E.2d 161." *Presjak v. Presjak*, 11th Dist. Trumbull No. 2009-T-0077, 2010-Ohio-1455, ¶37. Here, there is no indication that the trial court coerced appellant into entering into the agreement as it was reached in March. Moreover, appellant affirmatively stated that he understood the settlement terms and that settlement was of his own free will. He merely ratified the March agreement in April.

{¶18} The judgment of the Trumbull County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.


6