[Cite as *Sericola v. Johnson*, 2017-Ohio-8200.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| FRANK SERICOLA, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2016-T-0060** |
| ROBERT L. JOHNSON, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2014 CV 00651.

Judgment: Affirmed.

*Charles E. McFarland,* 338 Jackson Road, New Castle, KY 40050 (For Plaintiff-Appellant).

*Robert L. Johnson,* pro se, 1400 Ohio Avenue, McDonald, OH 44437 (Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1} Plaintiff-appellant, Frank Sericola, appeals from the judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of defendant-appellee, Robert L. Johnson, on Sericola's claims arising from alleged legal malpractice. The issues to be determined by this court are whether summary judgment is proper in a legal malpractice case when the damages that occurred were a result of actions taken by the plaintiff rather than the attorney, and whether the trial court abuses its discretion in denying a motion to reconsider the denial of the plaintiff's request for

summary judgment when the evidence supports granting the defendant's motion for summary judgment. For the following reasons, we affirm the decision of the lower court.

{¶2} Sericola was previously involved in litigation in Trumbull County Court of Common Pleas Case No. 2011 CV 1717, where he was represented by appellee, Attorney Robert Johnson. The case related to Sericola's alleged involvement in running a Ponzi scheme and defrauding plaintiffs out of their investments. In that matter, summary judgment was granted against Sericola and he purportedly entered into a settlement agreement in March 2013 to sign over an annuity worth approximately $328,000 in exchange for a release of all claims. On April 24, 2013, at a hearing on a motion to enforce the settlement agreement, Sericola signed an Agreed Judgment Entry to give up that annuity.

{¶3} Sericola subsequently filed an appeal with this court, which held that the settlement constituted a waiver of "the right to appeal any issues other than those related to the formation or acceptance of the settlement." *Carbone v. Sericola*, 11th Dist. Trumbull No. 2013-T-0053, 2014-Ohio-3526, ¶ 13. *Also Carbone v. Sericola*, 11th Dist. Trumbull No. 2014-T-0109, 2015-Ohio-4025 (affirming judgment on a Civ.R. 60(B) motion on similar grounds).

{¶4} In the present case, on March 28, 2014, Sericola filed a Complaint against Johnson, raising counts of Legal Malpractice, Intentional and Negligent Misrepresentation, Intentional and Negligent Infliction of Emotional Distress, Breach of Fiduciary Duty, and Fraud. These arose from allegations that Johnson failed to provide competent representation in the aforementioned legal proceedings. Among Sericola's complaints were Johnson's failure to file various motions and responses, as well as the

2

failure to communicate with Sericola. Sericola alleged that Johnson "fraudulently advise[d]" him to settle without disclosing that summary judgment had already been granted and agreed to a settlement without Sericola's consent.

{¶5} On June 12, 2014, Johnson's counsel filed a Notice of Appearance and Request for Leave to Plead. On June 20, 2014, Sericola filed an Application for Default Judgment. The trial court issued a Judgment Entry on July 17, 2014, granting Johnson's Request for Leave, with the Application for Default Judgment rendered moot.

{¶6} Johnson filed an Answer on July 22, 2014.

{¶7} Sericola filed a Motion for Admission of Facts Per Rule 36 on May 20, 2015, arguing that certain facts should be deemed admitted due to Johnson's failure to respond to discovery requests.

{¶8} On June 26, 2015, Sericola filed a Motion for Summary Judgment. Attached to the Motion was Sericola's affidavit, in which he averred that Johnson did not communicate with him about possible defenses, did not inform him that the court had granted summary judgment against him, told him that the case could not be won, and agreed to sign over the annuity against Sericola's wishes. The affidavit also explained that Sericola later signed over the annuity during an April 2013 hearing at which the "magistrate * * * told [Sericola] that [he] would be sanctioned if [he] did not sign over the annuity." Sericola stated that, as a result of this, he has "been in serious emotional distress over [his] finances."

{¶9} Johnson filed a Motion for Summary Judgment on June 29, 2015, attached to which was his affidavit, in which he averred that he had been in repeated contact with Sericola during the prior proceedings, that he had advised Sericola of the

motion for summary judgment, that Sericola refused to comply with requests for information to defend the motion for summary judgment, that he discussed settlement with Sericola based upon factors including his violation of a preliminary injunction, and that Sericola had orally agreed to the settlement. Also attached was an April 24, 2013 Agreed Judgment Entry in 2011 CV 1717, signed by Sericola, in which he agreed to settle the matter and sign over his annuity.

{¶10} On July 22, 2015, the trial court issued a Judgment Entry granting Johnson's Motion for Summary Judgment and denying Sericola's Motion for Summary Judgment, finding no genuine issue of material fact existed.

{¶11} Sericola appealed to this court in *Sericola v. Johnson*, 11th Dist. Trumbull No. 2015-T-0091, 2016-Ohio-1164, raising multiple errors. This court held that the trial court had failed to give Sericola proper notice of a hearing date for Johnson's Motion for Summary Judgment and reversed in part and remanded "to give Sericola notice of the date of the hearing on Johnson's Motion for Summary Judgment (whether it be oral or non-oral) and to allow him time to respond to the Motion prior to that date." *Id.* at ¶ 37.

{¶12} On April 26, 2016, Sericola filed a Motion for Summary Judgment, which states that it is a "Response to Johnson's Motion for Summary Judgment that was filed on June 29, 2015." Attached was an affidavit containing the same averments outlined above.

{¶13} On April 28, 2016, Sericola filed a Motion for Reconsideration of the July 22, 2015 Judgment Entry as it related to the denial of his Motion for Summary Judgment.

4

**{¶14}** The trial court issued a May 19, 2016 Judgment Entry, in which it denied Sericola's Motion for Reconsideration, given this court's reversal of the July 22, 2015 Judgment Entry. As to summary judgment, it found that "Sericola entered into a settlement agreement with the Plaintiffs in the first litigation on the sound advice of his legal counsel. Sericola then terminated his legal counsel and again entered into the same agreement of his own free will and volition and without any undue influence." The court noted that prior attempts to invalidate the settlement had been denied by the trial court and the appellate court, and Sericola's suggestion that the magistrate "strong arm[ed]" Sericola into signing an Agreed Judgment Entry was false. Finding that there were no genuine issues of material fact under dispute, the court granted Johnson's Motion for Summary Judgment.

**{¶15}** Sericola timely appeals and raises the following assignments of error:

**{¶16}** "[1.] The trial court for the Trumbull County Court of Common Pleas erred in denying Sericola's Motion for Reconsideration of the denial of Sericola's Motion for Summary Judgment.

**{¶17}** "[2.] The trial court for the Trumbull County Court of Common Pleas erred in granting a motion for summary judgment in favor of the defendant."

**{¶18}** For ease of discussion, we will address Sericola's assignments of error in reverse order. In his second assignment of error, Sericola argues that the trial court erred in granting summary judgment in Johnson's favor.

**{¶19}** Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from

5

the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor."

{¶20} A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." (Citation omitted.) *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶ 27.

{¶21} Sericola argues that genuine issues of material fact exist as to his claims, given that the only evidence presented by Johnson was a "self-serving" affidavit that is contradicted by statements in Sericola's affidavit and admissions made by Johnson.

{¶22} Multiple claims were filed by Sericola, although he generally refers in his brief only to "legal malpractice."

{¶23} "[T]he Ohio Supreme Court has held that '[t]o establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss.'" *Garland v. Simon-Seymour*, 11th Dist. Geauga No. 2009-G-2897, 2009-Ohio-5762, ¶ 47, quoting *Vahila v. Hall*, 77 Ohio St.3d 421, 674 N.E.2d 1164 (1997), syllabus. "Failure to prove any one of these elements entitles a

6

defendant to summary judgment on a legal malpractice claim." *Hinton v. Masek*, 11th Dist. Trumbull No. 2013-T-0110, 2014-Ohio-2890, ¶ 14.

**{¶24}** For Sericola's claims for Fraud and Misrepresentation, it was necessary to prove: "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 55, 514 N.E.2d 709 (1987).

**{¶25}** Finally, to succeed on the Breach of Fiduciary Duty claim, Sericola "must establish the existence of a fiduciary duty, a breach of that duty, and an injury proximately resulting therefrom." *Kirila v. Kirila Contrs., Inc.*, 11th Dist. Trumbull No. 2015-T-0108, 2016-Ohio-5469, ¶ 31.

**{¶26}** We recognize that there are factual disputes on several issues in this case relating to Johnson's representation of Sericola. Sericola's and Johnson's affidavits present conflicting versions of the events, including whether Johnson was truthful in his assertions that he discussed the summary judgment motion and the court's ruling on the motion with Sericola, and whether Johnson misrepresented Sericola's intention to settle. Generally, "[i]n the summary judgment process, when a genuine issue of fact is presented by conflicting affidavits, the trial court must reserve its judgment on the credibility of the affiants by setting the matter for trial." *Wells Fargo Bank, N.A. v. Scott*, 2d Dist. Montgomery No. 26552, 2015-Ohio-3269, ¶ 26. Thus, it would be improper at

7

this stage to grant summary judgment solely on the grounds that Johnson has denied the allegations about his conduct made by Sericola. As is evident from further review, however, these factual disputes are solely on issues unnecessary for proper resolution of this case.

{¶27} For the Malpractice, Fraud/Misrepresentation, and Breach of Fiduciary Duty claims, a critical element that must be proven to prevail is that Johnson's conduct, even when viewed in a light most favorable to Sericola, caused the damages that he requests. Sericola contends that Johnson's conduct caused him to sign over his annuity. A review of the undisputed facts, however, supports a conclusion that Johnson's conduct did not cause the damage/loss requested by Sericola.

{¶28} In March 2013, the possibility of settlement in 2011 CV 1717 was discussed. Both parties state in their affidavits that there was an agreement communicated to the plaintiffs that Sericola would sign over his annuity. Sericola's affidavit indicated that he told Johnson he did not want to do so but that Johnson "went ahead and agreed for me to sign over the annuity against [my] wishes." Johnson's affidavit indicates that, following settlement discussions in March, "the trial court was advised of all of the details of the settlement agreement and a signed entry by the parties was to be submitted to the court," however, Sericola did not agree to sign it. "Upon [Sericola] refusing to sign the settlement agreement, a request to enforce settlement agreement was filed." On the date that the enforceability of the settlement was set for a hearing, April 24, 2013, Sericola signed an Agreed Judgment Entry, in which he agreed to surrender his annuity to settle the claims against him.

{¶29} As this court held in *Carbone*, at the time Sericola signed that Agreed Judgment Entry, he "affirmatively stated that he understood the settlement terms and that settlement was of his own free will." 2014-Ohio-3526, at ¶ 17.

{¶30} Considering these facts, which are not disputed in the opposing affidavits, it cannot be determined that Johnson was responsible for the signing over of the annuity. Sericola, after indicating displeasure and concern with Johnson's representation, had terminated him at the time he signed the April 24 Agreed Judgment Entry. Sericola did not show that the court would have enforced the settlement agreement at that hearing, had he himself not decided to sign the Agreed Judgment Entry. Sericola chose to do this on his own, while no longer represented by Johnson, and that Judgment Entry resulted in Sericola's liability. In March 2013, when the parties apparently reached an agreement but Sericola did not sign it, the plaintiffs properly requested that the court enforce settlement and, the court was entitled to determine whether that agreement was enforceable. In such circumstances, the trial court could have and would have considered whether the parties had actually even agreed to a settlement, as well as evaluating "whether the parties' expressions are uncertain due to or 'in light of accompanying factors and circumstances' arising in the particular case." *Jones v. Mellinger*, 7th Dist. Columbiana No. 13 CO 11, 2014-Ohio-722, ¶ 26, citing *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376, 683 N.E.2d 337 (1997). Here, it is impossible to determine whether the trial court would have even enforced the initial settlement agreement since Sericola voluntarily chose to sign an Agreed Judgment Entry at the hearing on the motion to enforce.

9

{¶31} In relation to Sericola's claim that Johnson failed to respond to the plaintiffs' summary judgment motion in 2011 CV 1717, which led to the court's ruling in the plaintiffs' favor, he provides no argument as to how this caused his injury, or whether filing a response would have changed the outcome of the proceedings below. He could have presented expert testimony through a deposition to address this issue. "Summary judgment in favor of the attorney is appropriate when a plaintiff fails to supply expert testimony on alleged negligence that is 'neither within the ordinary knowledge of the layman nor so clear as to constitute negligence as a matter of law.'" *Brunstetter v. Keating*, 11th Dist. Trumbull No. 2002-T-0057, 2003-Ohio-3270, ¶ 16, quoting *Bloom v. Dieckmann*, 11 Ohio App.3d 202, 203, 464 N.E.2d 187 (1st Dist.1983). "In all but a few cases, expert testimony is required to support allegations of legal malpractice." *Hinton*, 2014-Ohio-2890, at ¶ 15. Sericola did not prove that the failure to file a Motion for Summary Judgment amounted to malpractice.

{¶32} Sericola also raised claims for Intentional and Negligent Infliction of Emotional Distress. "In a case for intentional infliction of emotional distress, a plaintiff must prove (1) that the defendant intended to cause the plaintiff serious emotional distress, (2) that the defendant's conduct was extreme and outrageous, and (3) that the defendant's conduct was the proximate cause of plaintiff's serious emotional distress." *Phung v. Waste Mgt., Inc.*, 71 Ohio St.3d 408, 410, 644 N.E.2d 286 (1994). Recovery on a claim of negligent infliction of emotional distress has been limited "to such instances as where one was a bystander to an accident or was in fear of physical consequences to his own person" and there is "cognizance of a real danger." (Citations omitted.) *Frazier v. Kent*, 11th Dist. Portage No. 2006-P-0082, 2007-Ohio-5782, ¶ 71.

10

**{¶33}** There is no indication in this matter that serious or severe emotional distress occurred, that Johnson's conduct caused such distress, or that Johnson's conduct was "extreme and outrageous." While the affidavit claimed "serious distress" based on Sericola "wondering how he will make it through retirement," there is no evidence to support a claim that he suffered "mental anguish * * * so severe and debilitating that 'a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case.'" *Valentino v. Bd. of Edn.*, 11th Dist. Lake Nos. 2009-L-083 and 2009-L-089, 2010-Ohio-5515, ¶ 48, citing *Paugh v. Hanks*, 6 Ohio St.3d 72, 78, 451 N.E.2d 759 (1983). Such distress, even if present, was not adequately linked to the alleged actions of Johnson.

**{¶34}** Sericola argues that the trial court's grant of summary judgment in favor of Johnson was based on the prior settlement rather than the issues raised in his response to Johnson's Motion for Summary Judgment. For the reasons outlined above, the settlement was a relevant consideration in determining whether a grant of summary judgment was proper in this case.

**{¶35}** Sericola also contends that Johnson's affidavit supporting summary judgment was in conflict with "facts already admitted by him" due to his failure to respond to requests for admissions in the present case.

**{¶36}** A review of the record shows that on May 20, 2015, Sericola filed a Motion for Admission of Facts Per Rule 36, in which he alleged that he received no response to a Request for Admissions sent to Johnson's attorney. He also raised this issue in his summary judgment pleadings. The trial court ruled that it would "not allow a procedural

11

mechanism in the Civil Rules to rewrite history in favor of Sericola under these circumstances."

**{¶37}** Even if, for the sake of argument, we concluded that these facts were admitted, it would not change the result in this case. None of the alleged admissions relate to the facts necessary to reach a determination that summary judgment was warranted given the lack of a relationship between Johnson's alleged conduct and the "injury" of Sericola signing over his annuity.

**{¶38}** The second assignment of error is without merit.

**{¶39}** In his first assignment of error, Sericola argues that the trial court improperly rejected his Motion for Reconsideration of the judgment denying his Motion for Summary Judgment.

**{¶40}** "It is well established that the filing of a motion for reconsideration from a final order in the trial court is a nullity." *Kuss v. Clements*, 11th Dist. Portage No. 2012-P-0023, 2012-Ohio-1678, ¶ 4, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379, 423 N.E.2d 1105 (1981). However, appellate courts have reviewed "[a] trial court's decision whether to reconsider a previous interlocutory order * * * under an abuse of discretion standard." *Savage v. Kucharski*, 11th Dist. Lake No. 2005-L-141, 2006-Ohio-5165, ¶ 37.

**{¶41}** This court previously reversed and remanded the grant of summary judgment in Johnson's favor, since Sericola was not given the proper opportunity to respond to Johnson's Motion for Summary Judgment. Sericola argues that this rendered the court's ruling denying his Motion for Summary Judgment in the same

Judgment Entry not final, which allowed him to file a Motion for Reconsideration upon remand.

{¶42} Even presuming this to be the case, it was not error to deny the Motion for Reconsideration. The Motion lacked merit since a grant of summary judgment in Johnson's favor was warranted for the reasons discussed above. Sericola's Motion for Summary Judgment was properly denied on these grounds and reconsideration was unwarranted.

{¶43} The first assignment of error is without merit.

{¶44} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of Johnson, is affirmed. Costs to be taxed against appellant.


TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concur.