[Cite as *Hall v. Coleman Behavioral Health Servs.*, 2020-Ohio-4640.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| HARGUS HALL, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2019-T-0047** |
| COLEMAN BEHAVIORAL HEALTH SERVICES, et al., | : | |
| | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2019 CV 000573.

Judgment: Affirmed.


*Hargus Hall*, pro se, PID: A693-672, Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, OH 44505 (Plaintiff-Appellant).

*Frank Leonetti, III* and *Holly Marie Wilson*, Reminger Co., L.P.A., 101 West Prospect Avenue, Suite 1400, Cleveland, OH 44115 (For Defendants-Appellees).


TIMOTHY P. CANNON, P.J.

{¶1}   Appellant, Hargus Hall ("Hall"), appeals a judgment in the Trumbull County Court of Common Pleas dismissing his complaint against appellees, Coleman Behavioral Health Services—consisting of President Nelson Burns, Director of Behavioral Health Carmella Hill, and care providers Sarah Precurato and Allan McLaughlin (collectively, "Coleman")—as barred under the applicable statute of limitations.  We affirm the trial court's judgment.

{¶2} The following facts are contained in the complaint filed by Hall and are accepted as true for the purpose of resolving the present statute of limitations issue:

{¶3} On December 10, 2015, Hall sought an emergency appointment with Coleman, with whom he had an ongoing relationship as a patient. He was being treated for various mental health issues. Hall, as well as his family members, were concerned with his mental state at the time of the appointment. This was alleged to have been expressed by Hall and his family members to staff at Coleman during the emergency appointment. His symptoms included, inter alia, blacking out, sleepwalking, and self-harm. Hall had also recently attempted to commit suicide by hanging while in jail. After meeting with the staff and being given a prescription for Seroquel, Hall immediately left the Coleman facility and engaged in criminal conduct. He was ultimately found guilty of burglary resulting from the conduct.

{¶4} On April 1, 2019, Hall filed a "Complaint for Negligence," which alleged that "negligent treatment resulted in legal, financial, physical, emotional, and mental duress, undue pain and continued suffering of mental health issues related to [Coleman's] lack of treatment."

{¶5} On May 6, 2019, counsel for Coleman filed a motion to dismiss Hall's complaint as time-barred by the statute of limitations. Coleman argued that under the statute for non-medical bodily injury claims, R.C. 2305.10, Hall had a two-year statute of limitations to file his claim. Further, Coleman argued that under the statute for medical bodily injury claims, identified in its motion as R.C. 2305.11, Hall would have only had a one-year statute of limitations to file.

{¶6} Of note, the statute of limitations for medical malpractice claims is not contained in R.C. 2305.11. The limitation period for medical malpractice in Ohio is set forth in R.C. 2305.113. In either instance, Coleman maintained the claim was time-barred as either a non-medical bodily injury claim or a medical bodily injury claim under Ohio law.

{¶7} In response, Hall argued that his "Complaint for Negligence" contained a claim for intentional infliction of emotional distress ("IIED") under R.C. 2305.09 based on the allegations of emotional distress. Because R.C. 2305.09 allows for a four-year statute of limitations for IIED, Hall argued the complaint should not be dismissed. In the alternative, Hall also argued in a second response filing that a claim made against "a mental health facility, a psychiatrist, and social worker" is not subject to dismissal as untimely under R.C. 2305.11.

{¶8} On July 10, 2019, the trial court issued a judgment entry granting Coleman's motion to dismiss Hall's claims. In the entry, the court concluded that (1) Hall's allegations regarding the treatment in December 2015 failed to meet the two-year statute of limitations for bodily injury as a result of negligent, willful, or reckless conduct under R.C. 2305.10; (2) Hall failed to meet the requirements for filing a complaint for medical malpractice under R.C. 2305.113; and (3) there were no allegations of IIED contained in the complaint.

{¶9} Hall filed a timely notice of appeal and raises two assignments of error for our review. Hall's first assignment of error states:

> THE COURT ERRED IN GRANTING DISMISSAL FOR DEFENDANTS BASED ON THE COMPLAINT BEING TIME BARRED UNDER R.C. 2305.10 WHICH STATES A TWO YEAR LIMITATIONS TO FILE A COMPLAINT.

3

{¶10} "'An appellate court's standard of review for a trial court's actions regarding a motion to dismiss is de novo.'" The "'[d]ismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in [the nonmoving] party's favor, it appears beyond doubt that [the nonmoving] party can prove no set of facts warranting relief.'" While a complaint attacked by a Civ.R. 12(B)(6) motion to dismiss does not need detailed factual allegations, the plaintiff's obligation to provide the grounds for his entitlement to relief requires more than conclusions, and a mere recitation of the elements of a cause of action without factual enhancement will not suffice.

*Hoffman v. Fraser*, 11th Dist. Geauga No. 2010-G-2975, 2011-Ohio-2200, ¶21 (internal citations omitted), citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

{¶11} "[S]ince Ohio is a notice-pleading state, Ohio law does not ordinarily require a plaintiff to plead operative facts with particularity." *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶29. Civ.R. 8(A)(1) requires a complaint to include only "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled."

{¶12} In *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 379 (1982), the Ohio Supreme Court held a Civ.R. 12(B)(6) motion to dismiss based on a violation of a statute of limitations should be granted only where the complaint conclusively shows on its face that the action is time barred. In *Byers DiPaola Castle, LLC v. Portage Cty. Bd. of Commrs.*, 11th Dist. Portage No. 2014-P-0047, 2015-Ohio-3089, ¶35, this court observed:

> "Since affirmative defenses typically rely on matters beyond the pleadings, affirmative defenses normally cannot be raised in a Civ.R. 12(B)(6) motion to dismiss. * * * 'An exception exists, however, where the existence of the affirmative defense is obvious from the face of the complaint itself.'"

4

*Byers*, quoting *Altier v. Valentic*, 11th Dist. Geauga No. 2003-G-2521, 2004-Ohio-5641, ¶32. *See also Ricketts v. Everflow Eastern, Inc.*, 7th Dist. Mahoning No. 14 MA 0103, 2016-Ohio-4807, ¶12 ("In order to conclusively demonstrate that the action is time barred, the allegations in the complaint must demonstrate both (1) the applicable statute of limitations, and (2) the absence of factors which would toll the pertinent statute, or make it inapplicable."); *Kelley v. Stauffer*, 10th Dist. Franklin No. 10AP235, 2010-Ohio-4522 (claim was barred by the two-year statute of limitations applicable to actions for bodily injury despite appellants stating in response to the motion to dismiss that they "believed" appellee had been out of the state for more than ten days during the two-year period).

{¶13} Hall's claims do not fit the definition of a "medical claim" as set forth in R.C. 2305.113(E)(3). R.C. 2305.10 (an action for non-medical bodily injury) is the proper statute of limitations to apply to the claim set forth in the complaint filed by Hall.

{¶14} R.C. 2305.10(A) provides, in pertinent part, that "[e]xcept as provided in division (C) or (E) of this section, an action * * * for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues." *See also Summers v. Max & Erma's Restaurant, Inc.*, 11th Dist. Trumbull No. 2008-T-0001, 2008-Ohio-4156, ¶9 ("R.C. 2305.10 * * * sets forth a two-year statute of limitations for actions based on bodily injury.").

{¶15} Hall advances two theories for why his claim against Coleman is either within the two-year statutory period, or not subject to it. Neither is persuasive.

{¶16} First, Hall argues for the first time on appeal that the complaint alleges a series of ongoing treatment by Coleman. Hall states that this treatment continued until "approximately the beginning of 2017" while he was in prison, with the exact date when

5

treatment was discontinued being unknown. Even if this argument had been made to the trial court, it is not included in the allegations in the Complaint for Negligence. While the complaint states that Hall was treated "until" 2017, the alleged tortious conduct relates entirely to the treatment he received at Coleman on December 10, 2015. There is no allegation that Coleman engaged in any negligence in treating his mental health issues on any occasion other than that date. Therefore, the statute of limitations began to run on December 10, 2015, and not in 2017.

{¶17} Next, Hall cites two inapposite cases that discuss the applicability of the statute of limitations for medical malpractice claims under former R.C. 2305.11 and current R.C. 2305.113. While Hall is correct that his claims do not fall under the one-year statute of limitations for medical bodily injury claims, that conclusion is irrelevant because the trial court applied the two-year statute of limitations contained in R.C. 2305.10 for non-medical claims. Therefore, Hall's second theory is inapplicable.

{¶18} The trial court did not err in applying the statute of limitations in R.C. 2305.10.

{¶19} Accordingly, Hall's first assignment of error lacks merit.

{¶20} Hall's second assignment of error states:

> THE COURT ERRED IN GRANTING DISMISSAL BASED ON R.C. 2305.10 DUE TO THE COMPLAINT CONSISTING OF INTENTIONAL EMOTIONAL DISTRESS.

{¶21} "'In a case for intentional infliction of emotional distress, a plaintiff must prove (1) that the defendant intended to cause the plaintiff serious emotional distress, (2) that the defendant's conduct was extreme and outrageous, and (3) that the defendant's conduct was the proximate cause of plaintiff's serious emotional distress.'" *Sericola v.*

6

*Johnson*, 11th Dist. Trumbull No, 2016-T-0060, 2017-Ohio-8200, ¶32, quoting *Phung v. Waste Mgt., Inc.*, 71 Ohio St.3d 408, 410 (1994).  A party has four years after an alleged injury to file a complaint for intentional infliction of emotional distress.  *Batchelder v. Young*, 11th Dist. Trumbull No. 2005-T-0150, 2006-Ohio-6097, ¶14, citing R.C. 2309.09.

{¶22}  It is a well-settled matter of law that a party cannot transform one cause of action into another through clever pleading or an alternate theory of law in order to avail itself of a more satisfactory statute of limitations.  *See*, *e.g. Love v. Port Clinton*, 37 Ohio St.3d 98, 100 (1988); *Callaway v. Nu-Cor Automotive Corp.*, 166 Ohio App.3d 56, 2006-Ohio-1343, ¶14 (10th Dist.); *White v. Stotts*; 3d Dist. Allen No. 1-10-44, 2010-Ohio-4827, ¶24; *Potter v. Cottrill*, 4th Dist. Vinton No. 11CA685, 2012-Ohio-2417, ¶10; *Chambers v. Cottrell*, 6th Dist. Lucas No. L-10-1178, 2011-Ohio-144, ¶10; *Allen v. Pirozzoli*, 8th Dist. Cuyahoga No. 103632, 2016-Ohio-2645, ¶7.

{¶23}  The trial court did not err in determining, after a review of the "Complaint for Negligence," that no claim for IIED was properly pled.  Hall insists in his briefing that the "Complaint for Negligence" specifically mentions intentional emotional distress.  While the complaint continuously claims emotional distress, there is nothing alleging that the distress was intentionally caused by any of the defendants.  Further, throughout the complaint titled, "Complaint for Negligence," Hall uses phrases such as "negligent treatment," "negligent" procedures leading to proximate damages, "Coleman's negligence," and conduct that was "negligent to the community," among other things.  In all, the complaint references negligent behavior by Coleman approximately 9 times in the 12 paragraphs while failing to state any intentional misconduct.

{¶24}  Therefore, Hall's second assignment of error is without merit.

7

{¶25} The judgment of the Trumbull County Court of Common Pleas is affirmed.


MARY JANE TRAPP, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.