**STREETON, Plaintiff-Appellant; v ROEHM, et, Defendants-Appellees.**

Ohio Appeals, First District, Hamilton County.

No. 6935.   Decided April 19, 1948.

**290**

Armstrong, Englender & Jansen, Cincinnati, for plaintiff-appellant.

Albert Spievack, Robert G. McIntosh, Cincinnati, for defendants-appellees.

### OPINION

By MATTHEWS, PJ.:

On motion of the defendant, Marie Roehm, made at the conclusion of the plaintiff's evidence, for an instructed verdict in her favor, the Court instructed the jury to find for Marie Roehm and her co-defendant, Helen Miller. Judgment was entered on that verdict. Thereafter, in due time, the plaintiff moved to set aside the judgment and verdict, and for a new trial, which motion the Court overruled. It is from that judgment that this appeal was taken.

The plaintiff alleged in his amended petition that the defendants on the 17th day of April, 1946, were the joint owners and operators of a multiple dwelling house in the City of Cincinnati, of which they were in possession and control, and engaged in renting furnished rooms therein located, to various tenants, of which the plaintiff was one, occupying rooms on the third floor.

The plaintiff alleged that on the date started at about 8 o'clock at night he descended the stairs to the second floor "and that as he proceeded to go from the second floor to the first floor there was no light, either natural or artifical in the stairway and that as he proceeded to attempt to descend the stairs in the darkness his foot missed the first step and he fell down the stairs and was severely injured." The negligence alleged against the defendants was that they "failed to cause the stairway to be properly lighted as required by section 1710 and 1580 of the Building Code of the Code of Ordinances of the City of Cincinnati," which were set out in full. These ordinances required stairways, corridors, passageways, or other means of egress in certain buildings of the kind described in the amended petition, where this accident occurred, to be kept adequately lighted at all times by "not less than one approved light on each floor, in the public hallway near the stairs. Additional approved lights

shall be provided where necessary for safety in the opinion of the Commissioner of Buildings. All such lights shall be kept burning from sunset until sunrise except that in Group 'H-L.' Building 3 stories or less in height, such lights shall be kept burning from sunset until midnight. If lights are provided and then become extinguished without the knowledge or consent of the owner or his agent, said owner or agent shall be presumed to have complied with the provisions of this section provided he shall have restored the same within a reasonable time."

It was alleged that defendants refused to provide light in the stairway though requested by the plaintiff so to do and failed to restore lighting within a reasonable time after having knowledge of the lack of light.

There was no specific allegation that the stairway was used in common by the plaintiff and other tenants or that any special control over it was reserved by the defendants. Nor was there any proof on that subject.

There was no allegation or proof of any defect in the stairs other than the absence of adequate light.

Marie Roehm answered admitting that the premises described were rented to tenants and that plaintiff was a tenant in the building, and then denied all other allegations, and, as a second defense, alleged contributory negligence.

The plaintiff replied denying contributory negligence.

Summons was issued to the sheriff to be served on both Marie Roehm and Helen Miller. The sheriff's return shows that Helen Miller was not found and no service made upon her. Later her interest in the real estate where the accident is alleged to have occurred was attached on the ground that she was a non-resident, and she was duly served with notice by publication of the attachment. She did not appear in the action and at the time of the trial was in default for answer. As no personal service was had upon Helen Miller, no personal judgment could be rendered against her in any event. And it is urged that the attachment conferred no jurisdiction over her interest in the real estate, for the reason that the law does not authorize an attachment on the ground of non-residence in an action to recover damages for personal injuries, and **Pope v Hibernia Insurance Co., 24 Oh St, 481,** is cited in support of that position. However, that case was decided in 1874, at a time when the statute only authorized attachment on the ground of non-residence in actions on contracts, judgments and decrees. In 1891, the section (now §11819 GC) was amended to provide for attachment on ground of non-residence in actions for damages for causing death or a personal injury by a negligent or wrongful act. 62 Ohio Session Laws.

See, also: **Smith v Buck, 119 Oh St, 101,** where the only question discussed was whether a "slander" was a "personal injury" as that phrase is used in §11819 GC, and the court held it was and sustained the attachment.

There was evidence that Helen Miller owned or had some interest in the real estate attached. The court, therefore, acquired jurisdiction in said cause to the extent of such ownership or interest.

At the opening of the trial the plaintiff moved for a default judgment against Helen Miller. This the court overruled and the trial proceeded against both defendants. It is urged that the court erred in overruling the plaintiff's motion.

We find that whether a court shall render a default judgment with or without requiring evidence in support of the plaintiff's claim rests in the sound discretion of the trial judge. **Dallas v Ferneau, 25 Oh St, 635,** and **Van Ingen v Berger, 82 Oh St, 255 at 261.** That discretion is peculiarly appropriate in an action for damages for personal injuries where the amount of recovery is not admitted by failure to answer, but must be determined from the evidence on the trial. See, §§11329 and 11593 GC.

Having discretion to require evidence to support the plaintiff's allegations, it follows that the court should make his decision conform to the law as applicable to the facts proven, and if no cause of action is shown no default judgment in plaintiff's favor should be rendered. Indeed, no court has jurisdiction to render judgment where the proof shows no cause of action exists.

We, therefore, hold that the court did not err in overruling the plaintiff's motion for judgment by default against Helen Miller.

The remaining question is whether the plaintiff produced substantial evidence of a violation of duty by defendants directly causing damage to plaintiff as alleged by him. We have already set forth the allegations of the plaintiff's amended petition that as he was descending the stairs in the darkness, he missed the step and fell, and was injured. We do not stop to consider whether a cause of action is alleged. The question was not raised. We proceed to consider the evidence.

The plaintiff testified that he had lived in this third floor apartment for 18 months, that he rented the premises from Mrs. Roehm, that the stairway where he fell was the only means of reaching the third floor, that it was an inside stairwell, that there was no light from the outside, that he had gone up and down these stairs every night during his tenancy,

that it was eight o'clock, that he went down to the second floor landing and tried to turn on the electric light there located, but the light did not turn on when he operated the switch, that the light had operated for the first 16 months of his tenancy, but had failed to operate for the last two months, that on the night in question he tried the light, but it would not turn on and then "I started back to the landing and was going to proceed down the steps—when I lost my balance. There is a ledge sticking out about four inches from the wall and my foot struck on that and that is what threw me." He testified that there was a banister on the left side and that he was feeling for it when he lost his balance. At that time he was on the second floor landing.

Mrs. Roehm called on cross-examination testified that Helen Miller owned the premises and that she, Mrs. Roehm, leased them from Helen Miller. In the process of developing this evidence the court sustained objections to certain questions and that is assigned as error, but as the sole purpose of the questions was to prove ownership, and as that was fully developed and uncontradicted, the plaintiff could not have been prejudiced by the court's ruling in any event. It was not because of any defect in the proof as to ownership or control that the court based its decision in sustaining the defendant's motion for an instructed verdict. In sustaining the motion the court said that the verdict should be for both defendants "for the reason that as far as the other defendant, who was served by publication, is concerned, she was not in possession or, if she was in possession, the same rule would apply to her as applies to the defendant Marie Roehm." And that rule the court said was announced in **Petry v Liuzzi, 76 Oh Ap, 19.** While there are many differences in the facts of that case and the case at bar, they are identical in the one crucial fact that in each case the plaintiff with full knowledge of all the facts proceeded to use an unlighted stairway. In one case, matches ceased to burn and the plaintiff fell, and in this case the plaintiff missed a step, lost his balance and fell.

In holding that the plaintiff could not recover in Petry v Liuzzi, supra, the court relied upon **Flury v Central Publishing House, 118 Oh St, 154** and **Kahn's Sons Co. v Ellswick, 122 Oh St, 576.** In so doing we quoted the third paragraph of the syllabus of Flury v Central Publishing House, supra, as follows:

"The testimony of a plaintiff invitee, in an action for negligence, that from a lighted room he opened a closed metal-covered sliding door, was confronted with total darkness beyond the door, that he then stepped into such total darkness,

to his injury, without any knowledge, information or investigation as to what such darkness might conceal, raises an inference of negligence on his part which, in the absence of any evidence tending to refute such inference, will require a directed verdict for the defendant."

The plaintiff in the present case took many steps in the dark before he finally missed a tread and fell. He was not lured into the darkness by anything the defendants did. He was proceeding with full knowledge of all the circumstances. Under such circumstances, the plaintiff's misfortune cannot be ascribed to the conduct of another. His own action—negligent or otherwise—caused his injuries.

We are of the opinion that the court did not err in sustaining the defendant's motion for an instructed verdict at the close of the plaintiff's evidence.

For these reasons, the judgment is affirmed.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.