[Cite as *Linville v. Kratochvill*, 2014-Ohio-1153.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| CHRIS LINVILLE, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-G-3161** |
| PAUL KRATOCHVILL, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 13 M 000044.

Judgment: Reversed and remanded.

*Jon L. Lindberg,* Warren and Young PLL, 134 West 46th Street, P.O. Box 2300 Ashtabula, OH 44005 (For Plaintiff-Appellee).

*Glenn E. Forbes,* Cooper & Forbes, 166 Main Street, Painesville, OH 44077 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Paul Kratochvill, appeals from the Order of the Geauga County Court of Common Pleas, granting default judgment in favor of plaintiff-apellee, Chris Linville. The issue to be determined in this case is whether default judgment is properly entered when a defendant requests leave to file his answer a week after the deadline for filing. For the following reasons, we reverse the decision of the lower court and remand for further proceedings consistent with this opinion.

**{¶2}** On January 17, 2013, Linville filed a Complaint, alleging that Kratochvill failed to pay the outstanding balance due on a Promissory Note and requesting damages in the amount of $20,000.

**{¶3}** Service by certified mail was requested on the same date, but a Notice of Failure of Service was filed by the clerk on February 21, 2013.

**{¶4}** Residential service was requested by Linville on March 4, 2013. A Notice of Failure of Service was filed by the clerk on March 18, 2013, stating that service by the sheriff failed, and that Kratochvill's mother claimed he no longer resided at the address, since he was in the military.

**{¶5}** On April 9, 2013, Linville filed a Written Request for Ordinary Mail Service, asserting that Kratochvill had "attempted to dodge receipt of the complaint and summons." He alleged that Kratochvill was lying about being in the military. On April 30, 2013, a Notice of Failure of Service was filed by the clerk, noting that delivery by ordinary mail had been refused.

**{¶6}** Linville filed an Affidavit for Service by Publication on May 31, 2013. Proof of publication for a period of six weeks was filed on June 27, 2013, explaining that notice had been published "on the same day of each week," beginning on May 23, 2013, with the last date of publication occurring on June 27, 2013.

**{¶7}** A Motion for Default Judgment was filed by Linville on July 31, 2013. Linville argued that several attempts had been made to serve Kratochvill and that service was ultimately perfected through publication. The Motion noted that it had been more than 28 days since service was perfected and Kratochvill had not responded to the Complaint.

{¶8} On August 2, 2013, Kratochvill filed a Motion for Leave to File Answer and Counterclaim Instanter.

{¶9} Linville filed a Response in Opposition on August 6, 2013, arguing that Kratochvill avoided service and that he was only responding now because of the Motion for Default Judgment. Kratochvill filed a Reply, arguing that it is in the interest of justice to allow him leave to file an answer.

{¶10} A Judgment Entry was filed on August 21, 2013, denying Kratochvill's Motion for Leave to File. On the same date, the court issued an Order granting Linville's Motion for Default Judgment and entering judgment in the amount of $20,000.

{¶11} Kratochvill timely appeals and raises the following assignments of error:

{¶12} "[1.] The trial court committed prejudicial error in granting Plaintiff-Appellee's Motion for Default Judgment and denying Defendant-Appellant's Motion for Leave to File Answer and Counterclaim, Instanter.

{¶13} "[2.] The trial court committed prejudicial error in failing to conduct a default judgment hearing pursuant to Civil Rule 55 and to determine whether or not the Defendant was a 'bad actor' and therefore not entitled to file his Answer and Counter-Claim, Instanter.

{¶14} "[3.] The trial court erred to the prejudice of Defendant-Appellant by granting Plaintiff's Default Motion and failing to hold a hearing on damages."

{¶15} In his first assignment of error, Kratochvill argues that, since he was only seven days late in filing his Answer and Counterclaim, the trial court committed error in granting default judgment and denying his request for leave to file an answer, especially given that the law favors deciding cases on their merits.

3

**{¶16}** Linville asserts that, given the circumstances in this case, including Kratochvill's attempts to avoid service, the trial court did not abuse its discretion in granting default judgment.

**{¶17}** "The granting of a default judgment, analogous to the granting of a dismissal, is a harsh remedy which should only be imposed when 'the actions of the defaulting party create a presumption of willfulness or bad faith.'" (Citation omitted.) *Domadia v. Briggs*, 11th Dist. Geauga No. 2008-G-2847, 2009-Ohio-6510, ¶ 19. "[I]t is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits. * * * Judicial discretion must be carefully -- and cautiously -- exercised before this court will uphold an outright dismissal of a case on purely procedural grounds." (Citation omitted.) *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 192, 431 N.E.2d 644 (1982). "A trial court's decision to grant or deny a motion for default judgment is reviewed under an abuse of discretion standard." *Hale v. Steri-Tec Servs., Inc.*, 11th Dist. Geauga No. 2008-G-2876, 2009-Ohio-3935, ¶ 25, citing *Huffer v. Cicero*, 107 Ohio App.3d 65, 74, 667 N.E.2d 1031 (4th Dist.1995).

**{¶18}** "To militate against the harshness of a default judgment, Civ.R. 6(B) permits a court to grant a moving party additional time to file a pleading or response, provided the requirements set forth in the rule are met." *Hillman v. Edwards*, 10th Dist. Franklin Nos. 08AP-1063 and 08AP-1064, 2009-Ohio-5087, ¶ 7. When a defendant fails to file his answer within twenty-eight days after service of the summons and complaint, as required by Civ.R. 12(A)(1), "the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Civ.R.

4

6(B)(2). "A trial court's Civ.R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion." *State ex rel. Lindenschmidt v. Bd. of Commrs. of Butler Cty.*, 72 Ohio St.3d 464, 465, 650 N.E.2d 1343 (1995).

{¶19} "The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds." *Id.* at 466.

{¶20} In the present case, the trial court abused its discretion in determining that Kratochvill should not be granted leave to file his answer and by granting default judgment. Pursuant to Civ.R. 4.4(A)(1), service by publication is complete as of the date of the last publication, which, in the present case, occurred on June 27, 2013. Kratochvill had 28 days from that date to file his answer. He filed his Motion for Leave to File on August 2, 2013, only a week after his answer was due. Upon filing his request, he maintained that counsel had just been retained and that no prejudice would result in granting leave to file.

{¶21} This is not a case where there was a significant delay, such that neglect or unresponsiveness is manifested, which would support a trial court's conclusion that leave should not be granted. *See Colley v. Bazell*, 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (1980). Such a short delay in filing an answer does not warrant granting default judgment and disregards the mandate that cases should be resolved on their merits. *Maggard v. Ohio Dept. of Commerce*, 11th Dist. Lake No. 2002-L-042, 2003-Ohio-4098,

¶ 18 ("courts must be mindful of the admonition that cases should be decided on their merits when possible, instead of on procedural grounds").

{¶22} Moreover, Linville fails to adequately demonstrate the existence of any prejudice that resulted from Kratochvill requesting leave to file his answer seven days after the filing deadline. We fail to see how a one week delay caused any harm to Linville's interests, given that he will still be able to recover the same damages, as well as any interest that accrues. In contrast, the granting of default judgment was harmful to Kratochvill, who was unable to defend his case or assert his counterclaims, which is again an important right that should be protected when possible. Thus, under the circumstances of the present case, we hold that there was no basis for granting the motion for default judgment. *See Faith Elec. Co. v. Kirk*, 10th Dist. Franklin No. 00AP-1186, 2001 Ohio App. LEXIS 2068, 7-8 (May 10, 2001) (the trial court abused its discretion in failing to allow a defendant to file a late answer and in granting default judgment when the period of default was only four days, the defendant mistakenly believed her answer was not yet due, and there was no evidence of prejudice).

{¶23} While Linville argues that default judgment was proper due to Kratochvill's alleged attempts to avoid his service, we cannot find that this provided a basis for such a judgment. Linville cites to no authority for the proposition that failing to accept service justifies default judgment. Further, the fact that Linville was unable to perfect service is not proof that Kratochvill purposely avoided service. The only "proof" asserted by Linville that Kratochvill avoided service were his contentions that Kratochvill's mother lied about him being in the military, an action that cannot be attributed to Kratochvill himself. Thus, even if the avoidance of service were to be considered in determining

whether default judgment is proper, it cannot be said that Kratochvill was shown to have avoided service in this case.

{¶24} While Linville cites *Five Star Fin. Corp. v. Merchants Bank & Trust Co.*, 1st Dist. Hamilton No. C-120814, 2013-Ohio-3097, ¶ 11-12, in support of his assertion that Kratochvill's bad acts justified default judgment, that case involved a direct violation of a court order and evidence of the party's dilatory conduct, which is not present in this case.

{¶25} Finally, the date that Kratochvill was required to file his answer did not commence as of the dates when Linville attempted to unsuccessfully perfect service, but as of the date when he actually achieved service. Once service was perfected, and only a few days after the request for default judgment, Kratochvill explained the reasons for his delay and responded to further filings by Linville.

{¶26} The first assignment of error is with merit.

{¶27} Since the trial court erred in entering default judgment, Kratochvill's remaining assignments of error regarding whether he was entitled to a hearing on the issues of default and damages are moot.

{¶28} Based on the foregoing, the Order of the Geauga County Court of Common Pleas, granting default judgment in favor of Linville, is reversed and remanded for further proceedings consistent with this opinion. Costs to be taxed against appellee.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.

7