[Cite as *Sericola v. Johnson*, 2016-Ohio-1164.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| FRANK SERICOLA, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | CASE NO. 2015-T-0091 |
| ROBERT L. JOHNSON, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2014 CV 00651.

Judgment: Affirmed in part, reversed in part, and remanded.

*Charles E. McFarland,* 338 Jackson Road, New Castle, KY 40050 (For Plaintiff-Appellant).

*Benjamin Joltin,* Benjamin Joltin, L.L.C., 106 South Broad Street, Canfield, OH 44406 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1} Plaintiff-appellant, Frank Sericola, appeals from the judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of defendant-appellee, Robert L. Johnson, on Sericola's claims arising from alleged legal malpractice. The issues to be determined by this court are whether a court must grant default judgment when a defendant seeks leave to file an answer three days after it was due, and whether a trial court errs in not giving notice of the deadline for filing a

response to a party opposing summary judgment. For the following reasons, we affirm in part, reverse in part and remand for further proceedings consistent with this opinion.

{¶2} Sericola was previously involved in litigation in Trumbull County Court of Common Pleas Case No. 2011 CV 1717, where he was represented by Attorney Robert Johnson. The case related to Sericola's alleged involvement in running a Ponzi scheme and defrauding the plaintiffs out of their investments. In that matter, summary judgment was granted against Sericola and he entered into a settlement agreement to sign over an annuity worth approximately $328,000 in exchange for a release of all claims. He later signed an agreed judgment entry to give up that annuity.

{¶3} Sericola subsequently filed an appeal with this court, which held that the settlement constituted a waiver of "the right to appeal any issues other than those related to the formation or acceptance of the settlement." *Carbone v. Sericola*, 11th Dist. Trumbull No. 2013-T-0053, 2014-Ohio-3526, ¶ 13. *Also Carbone v. Sericola*, 11th Dist. Trumbull No. 2014-T-0109, 2015-Ohio-4025 (affirming judgment on a Civ.R. 60(B) motion on similar grounds).

{¶4} On March 28, 2014, Sericola filed a Complaint against Johnson, raising counts of Legal Malpractice, Intentional and Negligent Misrepresentation, Intentional and Negligent Infliction of Emotional Distress, Breach of Fiduciary Duties, and Fraud. These arose from allegations that Johnson failed to provide competent representation in the aforementioned legal proceedings. Among Sericola's complaints were Johnson's failure to file various motions and responses, as well as the failure to communicate with Sericola. Sericola alleged that Johnson "fraudulently advise[d]" him to settle without

2

disclosing that summary judgment had already been granted and agreed to sign a settlement entry without Sericola's consent.

**{¶5}** The Complaint was sent by regular mail on May 12, 2014. On June 12, 2014, counsel for Johnson filed a Notice of Appearance and Request for Leave to Plead.

**{¶6}** On June 20, 2014, Sericola filed an Application for Default Judgment. On the same day, he filed an Objection to Request for Leave to Plead.

**{¶7}** The trial court issued a Judgment Entry on July 17, 2014, granting Johnson's Request for Leave, with the request for default judgment rendered moot.

**{¶8}** Johnson filed an Answer on July 22, 2014.

**{¶9}** On May 20, 2015, Sericola filed a Motion for Admission of Facts Per Rule 36, arguing that certain facts should be deemed admitted due to Johnson's failure to respond to discovery requests. On the same date, Sericola filed a Motion for Leave to File Motion for Summary Judgment, with the Motion attached.

**{¶10}** On June 26, 2015, Sericola's Motion for Summary Judgment was filed. Sericola's attached affidavit alleged Johnson's various failures, including agreeing for Sericola to sign over the annuity against his wishes. The affidavit also alleged that the "magistrate * * * told [Sericola] that [he] would be sanctioned if [he] did not sign over the annuity."

**{¶11}** Johnson filed a Motion for Summary Judgment on June 29, 2015, attached to which was Johnson's affidavit, arguing that he had been in repeated contact with Sericola during the prior proceedings and that Sericola had orally agreed to the settlement.

{¶12} On July 22, 2015, the trial court issued a Judgment Entry granting Johnson's Motion for Summary Judgment and denying Sericola's Motion for Summary Judgment, finding no genuine issue of material fact existed. The court noted that Sericola's version of events was "seriously concerning," finding his suggestion that the magistrate "strong arm[ed]" Sericola into signing an Agreed Judgment Entry was false.

{¶13} Sericola timely appeals and raises the following assignments of error:[1]

{¶14} "[1.] The trial court for the Trumbull County Court of Common Pleas erred in denying an Application for Default Judgment by granting the defendant's Motion for Leave to Plead, when the defendant failed to timely answer or respond to the complaint and failed to set forth any excusable neglect reason.

{¶15} "[2.] The trial court for the Trumbull County Court of Common Pleas erred in granting a motion for summary judgment in favor of the defendant.

{¶16} "[3.] The trial court for the Trumbull County Court of Common Pleas erred in denying plaintiff's motion for summary judgment."

{¶17} In his first assignment of error, Sericola argues that Johnson's Notice of Appearance was submitted three days after the deadline for filing an answer and his request for leave did not set forth an explanation for the delay constituting excusable neglect. Thus, the trial court abused its discretion by failing to grant Sericola's request for default judgment.

{¶18} "The granting of a default judgment * * * is a harsh remedy which should only be imposed when 'the actions of the defaulting party create a presumption of willfulness or bad faith.'" (Citation omitted.) *Domadia v. Briggs*, 11th Dist. Geauga No. 2008-G-2847, 2009-Ohio-6510, ¶ 19. "[I]t is a fundamental tenet of judicial review in

---

1. Johnson did not file an appellee's brief.

4

Ohio that courts should decide cases on the merits." (Citation omitted.) *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 192, 431 N.E.2d 644 (1982). "A trial court's decision to grant or deny a motion for default judgment is reviewed under an abuse of discretion standard." *Hale v. Steri-Tec Servs., Inc.*, 11th Dist. Geauga No. 2008-G-2876, 2009-Ohio-3935, ¶ 25.

{¶19} "To militate against the harshness of a default judgment, Civ.R. 6(B) permits a court to grant a moving party additional time to file a pleading or response, provided the requirements set forth in the rule are met." (Citation omitted.) *Linville v. Kratochvill*, 11th Dist. Geauga No. 2013-G-3161, 2014-Ohio-1153, ¶ 18. When a defendant fails to file his answer within twenty-eight days after service of the summons and complaint, as required by Civ.R. 12(A)(1), "the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Civ.R. 6(B)(2). "A trial court's Civ.R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion." *State ex rel. Lindenschmidt v. Bd. of Commrs. of Butler Cty.*, 72 Ohio St.3d 464, 465, 650 N.E.2d 1343 (1995). "The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds." *Id.* at 466.

{¶20} In the present matter, Johnson was served by regular mail on May 12, 2014. His answer was due on June 9, 2014. Johnson filed his request for leave on June 12, 2014, over a week before Sericola sought a default judgment. As grounds for

5

his untimeliness, the request for leave stated "counsel was just retained in this matter and needs additional time to investigate and properly answer the complaint filed." We do not find an abuse of discretion occurred under these circumstances.

**{¶21}** This is not a case where there was a significant delay, such that neglect or unresponsiveness is manifested, which would support a trial court's conclusion that leave should be denied. *See Colley v. Bazell*, 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (1980). Such a short delay in filing an answer does not warrant granting default judgment and disregards the mandate that cases should be resolved on their merits. *Maggard v. Ohio Dept. of Commerce*, 11th Dist. Lake No. 2002-L-042, 2003-Ohio-4098, ¶ 18.

**{¶22}** Importantly, as this court has noted, a lack of prejudice by a short delay in filing an answer supports a conclusion that the trial court did not err in denying a request for default. *Linville*, 2014-Ohio-1153, at ¶ 22 ("[w]e fail to see how a one week delay caused any harm to [the appellee's] interests"); *Cart v. Fannie Mae*, 11th Dist. Ashtabula No. 2011-A-0059, 2012-Ohio-2241, ¶ 45. Here, Sericola shows no prejudice from a delay of three days. Thus, it was proper for the trial court to deny the request for default judgment and permit Johnson to file an answer.

**{¶23}** The first assignment of error is without merit.

**{¶24}** In his second assignment of error, Sericola argues that Johnson's failure to move the trial court for leave to file his Motion for Summary Judgment violated the Civil Rules.

**{¶25}** "The application of a civil rule is a question of law, which we review *de novo.*" *Foreclosure of Liens v. Parcels of Land*, 11th Dist. Lake No. 2014-L-102, 2015-

6

Ohio-1258, ¶ 15, citing *Haskett v. Haskett*, 11th Dist. Lake No. 2011-L-155, 2013-Ohio-145, ¶ 17.

**{¶26}** Pursuant to Civ.R. 56(B), "[a] party against whom a claim * * * is asserted * * * may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim * * *. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court." Sericola notes that the court did not grant leave here.

**{¶27}** As this court has held, "a trial court may in its discretion consider a motion for summary judgment that has been filed without express leave of court, after the action has been set for trial," given the court's decision to consider the motion "is itself 'by leave of court.'" (Citations omitted.) *State ex rel. Widmer v. Mohney*, 11th Dist. Geauga No. 2007-G-2776, 2008-Ohio-1028, ¶ 57; *also Smolnik v. American Dream Pool*, 11th Dist. Trumbull No. 3229, 1983 Ohio App. LEXIS 12595, 2 (June 3, 1983). Thus, the court's decision to consider the Motion is evidence that it granted leave.

**{¶28}** Sericola also argues that the trial court erred by granting summary judgment after failing to set a hearing date on Johnson's Motion for Summary Judgment at least 14 days after it was filed, violating Civ.R. 56(C).

**{¶29}** As an initial matter, we will apply Civ.R. 56(C) prior to its amendment, which became effective on July 1, 2015, since the briefing and scheduled hearing occurred prior to July 1. We note, however, that even under the present rule, Sericola would prevail, since it allows that "the adverse party may serve responsive arguments and opposing affidavits within twenty-eight days after service of the motion." Civ.R.

7

56(C).  Sericola did not have 28 days to respond to Johnson's Motion prior to the trial court's entry of summary judgment in favor of Johnson.

{¶30}  Pursuant to former Civ.R. 56(C), a motion for summary judgment "shall be served at least fourteen days before the time fixed for hearing" and the adverse party, "prior to the day of hearing, may serve and file opposing affidavits."

{¶31}  A review of the docket in this matter reveals that, on June 11, 2015, after Sericola filed his Motion for Leave to File a Motion for Summary Judgment, a hearing (which appears from the parties' filings to be non-oral) was scheduled for June 29.  On June 29, Johnson filed his own Motion for Summary Judgment.  No other notation was made on the docket regarding a subsequent hearing date, nor were any notices or case management orders made part of the record in relation to Johnson's motion.

{¶32}  The Ohio Supreme Court has recognized that parties must be apprised of the cutoff date for responses to a motion for summary judgment.  This notice must come through a local rule, the trial court setting "an explicit hearing date for the motion for summary judgment" or another notice of "cutoff dates for the parties to file briefs and Civ.R. 56 materials."  *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, ¶ 23.  *Hooten* further explained most appellate courts' agreement that, when no oral hearing is held, as a matter of due process, the nonmoving party must receive notice of the deadline to respond or the "date on which the motion is deemed submitted for decision."  *Id.* at ¶ 17.  Given this requirement, we agree with Sericola's assertion that Civ.R. 56(C) was not properly followed.

{¶33}  In the present case, there are no pertinent local rules or notices of the filing deadline in the record.  The only indication of notice on the docket was the date of

June 29 for the hearing on summary judgment. This date, however, was set before Johnson filed his Motion for Summary Judgment, on the same date as the hearing was scheduled.

{¶34} This hearing date, then, was only sufficient to apprise the parties as to the timetable for ruling on Sericola's Motion for Summary Judgment. The 29th cannot be the date Johnson's Motion was submitted for a decision because Sericola would then not be given adequate opportunity to respond. This would eviscerate the purpose of Civ.R. 56(C) and its interpretation in *Hooten*.

{¶35} The fact that approximately three weeks passed after Johnson's filing of his Motion and the trial court's final judgment does not eliminate the requirement that Sericola be given proper notice and an ability to respond. The Supreme Court in *Hooten* rejected the argument that a motion for summary judgment is deemed submitted for a decision based solely on the language contained in Civ.R. 56(C). "Although we acknowledge that Civ.R. 56(C) anticipates a cutoff date for a response to a motion for summary judgment, we determine that the rule is not sufficiently explicit to apprise the parties of that date. Notice must come from some other source or sources." 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, at ¶ 22; *Pruszynski v. Reeves*, 117 Ohio St.3d 92, 2008-Ohio-510, 881 N.E.2d 1230, ¶ 10. Thus, the fact that over 14 days elapsed after the filing before judgment was entered is not sufficient to satisfy the necessary requirements and protect Sericola's rights.

{¶36} Courts have been clear that, when the trial court either fails to notify the adverse party when it will rule on a motion for summary judgment or when a response to the motion would be due, reversal is warranted. For example, in *King v. Hazen*, 11th

9

Dist. Ashtabula No. 2005-A-0031, 2006-Ohio-4823, ¶ 58, this court noted that a set hearing date was improper to consider a motion for summary judgment that had not been filed at least 14 days prior to that date. Since no notice of another hearing date was given, a ruling on summary judgment was improper. *Also Gentile v. Youngstown Osteopathic Hosp.*, 7th Dist. Mahoning No. 04 MA 93, 2005-Ohio-2926, ¶ 27 (the trial court's failure to notify the appellants of a response due date or when a ruling would occur denied the appellants "a fair opportunity to be heard and violated Civ.R. 56's procedural safeguards"); *Midland Funding v. Starks*, 9th Dist. Summit No. 23966, 2008-Ohio-2963, ¶ 12 (when the trial court failed to set a date for responses to be filed, the appellant was not accorded the "procedural fundamental fairness" required under Civ.R. 56(C)). Given the circumstances of the present case, it cannot be fairly maintained that Sericola was given the appropriate notice of when a ruling would be rendered and when his response was due since Johnson's Motion was filed on the date of the hearing.

{¶37} Given the foregoing, this matter is reversed and remanded to give Sericola notice of the date of the hearing on Johnson's Motion for Summary Judgment (whether it be oral or non-oral) and to allow him time to respond to the Motion prior to that date.

{¶38} We need not address the additional portion of this assignment of error, as it is rendered moot by the foregoing conclusion.

{¶39} The second assignment of error is with merit.

{¶40} Given this court's disposition of the second assignment of error, Sericola's third assignment of error, which relates to whether summary judgment was properly granted, is moot.

{¶41} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of Johnson, is affirmed in part, reversed in part, and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against the parties equally.

TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concur.