[Cite as *Zelek v. Tomlinson*, 2021-Ohio-3973.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| TERRY ZELEK, et al., | CASE NOS. 2020-P-0090 |
| Plaintiffs-Appellees, | 2021-P-0013 |
| - v - | Civil Appeals from the Court of Common Pleas |
| EDITH TOMLINSON OR HER UNKNOWN HEIRS, DEVISEES, EXECUTORS, ADMINISTRATORS, RELICTS, NEXT OF KIN, SUCCESSORS, AND ASSIGNS, et al., | Trial Court No. 2019 CV 00914 |
| Defendants, | |
| ASCENT RESOURCES-UTICA, LLC, | |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: November 8, 2021
Judgment: Reversed; remanded

*Timothy B. Pettorini* and *Jeremy Dean Martin*, Roetzel & Andress, LPA, 222 South Main Street, Suite 400, Akron, OH 44308 (For Plaintiffs-Appellees).

*Clay K. Keller* and *Andrew N. Schock*, Jackson Kelly, PLLC, 50 South Main Street, Suite 201, Akron, OH 44308 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}  The Portage County Court of Common Pleas granted default judgments in favor of Plaintiffs-Appellees Terry and Kelly Zelek ("the Zeleks") against four of the Defendants—Julie Ann Chase, Michael J. Borkland, Leila Borkland, and Ian Douglas

Carder ("the defaulting defendants"). The trial court's orders also extinguished and declared null and void any and all oil and gas leases executed by and between the defaulting defendants and Defendant Ascent Resources–Utica, LLC ("Ascent"). Ascent appealed. The judgments are reversed.

{¶2} The Zeleks own approximately 40.875 acres located in Mt. Pleasant Township, Jefferson County, Ohio. In 2019, Ascent and the Zeleks executed an oil and gas lease covering the property with a primary term of five years. About the same time, Ascent also executed oil and gas leases with multiple other parties who may claim an interest in the oil and gas rights pursuant to language of reservation in a 1904 deed and possible inheritance rights.

{¶3} The Zeleks brought this declaratory judgment action, additionally seeking an order quieting title to the oil and gas interest in the property, naming Ascent and many other leasing parties as party defendants. They allege that the 1904 deed did not contain words of inheritance in relation to the reservation of the oil and gas interest, which was therefore limited to a life estate in the reserving parties. As a result, the Zeleks allege, the heirs, devisees, and successors to the reserving parties conveyed the property to the Zeleks' predecessors in interest either as to the entire oil and gas interest or one-half the oil and gas interest. They further allege that they have marketable record title and that any interest the leasing defendants may have claimed has been abandoned by operation of law and vested in the Zeleks following their notice of abandonment. The Zeleks requested the trial court quiet title to the property against any claim of the leasing defendants; declare the leases between those defendants and Ascent null and void; and

2

declare that the Zeleks have superior title to the property, including the oil and gas, and that their lease with Ascent is the only valid oil and gas lease covering the property.

{¶4} Ascent answered the complaint, as did many of the leasing defendants.

{¶5} The four defaulting defendants failed to plead or otherwise appear and defend against the action. The Zeleks moved the trial court to grant default judgment in their favor and against those four defendants without a hearing, pursuant to Civ.R. 55(A), as they were not seeking monetary damages. Specifically, they asked the court to declare the defaulting defendants' interests in the property extinguished; to declare the defaulting defendants' leases with Ascent null and void; and to quiet title in the oil and gas rights in the Zeleks' favor with respect to the defaulting defendants' leases with Ascent. Ascent filed a response in opposition, arguing that an order invalidating its leasehold interests solely because other parties failed to appear is inappropriate because Ascent did not fail to appear and defend against the action, and the defenses it raised inure to the benefit of the defaulting defendants, thus precluding default judgment.

{¶6} The trial court granted default judgment against the defaulting defendants in two separate orders, without a hearing, declaring the following: "It is therefore, ORDERED, ADJUDGED AND DECREED that any interest [the defaulting defendants] may have or claim to have has terminated as a matter of law or, in the alternative, is hereby forever abandoned, extinguished, or both, and title thereto is hereby quieted as follows:

> 1. Title to that certain 40.875 acres, more or less, * * * including all oil and gas in and underlying [the property], including all the executive right, the right to receive bonus payments, the right to receive delay rentals, the right to develop (with ingress and egress), and the right to receive royalty payments is hereby quieted in the name of Terry Zelek

3

and Kelly Zelek as to any claims by [the defaulting defendants].

2. Any and all oil and gas leases covering [the property] executed by and between Ascent * * * and [the defaulting defendants] * * * are hereby extinguished and declared null and void and title to [the property], including all oil and gas in and underlying [the property], is quieted in the name of Terry Zelek and Kelly Zelek as to said leases.

3. The oil and gas lease executed by Terry Zelek and Kelly Zelek to Ascent covering [the property] * * * hereby encumbers and leases the oil and gas in and underlying [the property], free and clear of any claims of [the defaulting defendants], as to any interest that [the defaulting defendants] may have or claim to have in [the property].

The orders include Civ.R. 54(B) language, indicating that "there is no just reason for delay."

{¶7}    From these two orders, Ascent raises the following assignment of error:

The trial court erred in terminating Ascent Resources–Utica, LLC's lease rights when entering default judgment against co-defendants of Ascent Resources–Utica, LLC when Ascent Resources–Utica, LLC timely filed an answer and is actively defending its leasehold rights.

{¶8}    Ascent contends that it has the right to defend its interests in the property at issue as a proper and necessary party to the litigation under R.C. 5301.10, but that it was not afforded that right when its interests in the property were extinguished, without a hearing, based solely on the default of other defendants.  Ascent asserts the default judgment entries should be reversed as a violation of their due process rights.

{¶9}    Civ.R. 55 governs default judgments as follows, in relevant part:

(A) When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor[.] * * * If, in order to enable the court to enter judgment or to carry

4

it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

{¶10} "'[W]hether a court shall render a default judgment with or without requiring evidence in support of the plaintiff's claim rests in the sound discretion of the trial judge. Having discretion to require evidence to support the plaintiff's allegations, it follows that the court should make [its] decision conform to the law as applicable to the facts proven, and if no cause of action is shown no default judgment in plaintiff's favor should be rendered.'" *State ex rel. Yost v. Church of Troy*, 2020-Ohio-4695, 159 N.E.3d 818, ¶ 44 (11th Dist.), quoting *Streeton v. Roehm*, 83 Ohio App. 148, 152, 81 N.E.2d 133 (1st Dist.1948). Thus, a trial court's decision to grant or deny a motion for default judgment is reviewed under an abuse of discretion standard. *Church of Troy* at ¶ 45, citing *Sericola v. Johnson*, 2016-Ohio-1164, 61 N.E.3d 643, ¶ 18 (11th Dist.). "Accordingly, we will review the trial court's judgment for an abuse of discretion, which is the "'failure to exercise sound, reasonable, and legal decision-making.'"" *Church of Troy* at ¶ 46, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004).

{¶11} Assuming, without deciding, that Ascent has standing to appeal from the default judgments entered against other parties, we find persuasive the case of *Wampum Hardware Co. v. Moss*, 5th Dist. Guernsey Nos. 14 CA 20 & 14 CA 17, 2015-Ohio-2564. There, multiple parties had requested a declaration as to their rights in a one-half interest in the oil and gas rights of the subject property. *Id.* at ¶ 5-8. The trial court granted default judgment against numerous defendants who failed to move, plead, or otherwise respond

5

to the plaintiff's complaint. *Id.* at ¶ 10. In that entry, the trial court also declared that any claim or right the non-answering defendants may have had as to the oil and gas rights was invalid and quieted title in favor of the plaintiff, free and clear of any adverse claims of the non-answering defendants. *Id.* at ¶ 28.

{¶12} Other defendants—who *had* answered plaintiff's complaint and filed a counterclaim—noticed an appeal, arguing, in part, that the trial court erred by granting default judgment against the non-answering defendants in a declaratory judgment action where competing claims were pending concerning ownership of the subject mineral rights. *Id.* at ¶ 17. The appellate court found merit with the defendants-appellants' argument, discussing as follows:

> Initially we note that the merits of the case, i.e. the issue of who has a valid claim to the oil and gas rights, have not yet been addressed by the lower court. This Court will not address issues that arise for the first time on appeal. *See e.g., Cerney v. Norfolk & W.Ry. Co.* (1995), 104 Ohio App.3d 482, 488, 662 N.E.2d 827. This Court will focus only on the default judgment and its effect on the ultimate decision in this matter.
>
> While this Court is cognizant that there are instances where default judgment is properly granted in declaratory judgment actions, this Court finds that such is not true in the case *sub judice.* Here, the trial court has yet to make any determination as to what version of the dormant mineral statute applies in this matter or whether Plaintiff-Appellee has a valid claim there under. We find that the trial court therefore erred in granting default judgment as set forth above because the judgment and findings therein effectively predetermine the ultimate decision in this matter as to the oil and gas rights.
>
> It is elementary that the trial court will ultimately decide that either Appellants or Appellee established their entitlement to the oil and gas rights. Because this issue has yet to be decided by the trial court, there is a possibility that the trial court's judgment as to the defaulting defendants could ultimately conflict with its declaratory judgment finding as to the non-defaulting defendants.

6

*Wampum* at ¶ 29-31.

{¶13}   Similarly, here, the issue of who has a valid claim to the oil and gas rights has not yet been addressed by the trial court.  Thus, by quieting title in the Zeleks with respect to any right or interest the defaulting defendants may claim and by declaring Ascent's leases with those parties null and void, the trial court has effectively predetermined the ultimate issue in the matter as to the competing claims of the Zeleks and the leasing defendants, as well as Ascent's leasehold interests.  The trial court's ultimate decision as to who owns the oil and gas rights may conflict with these declaratory judgment orders as it pertains to Ascent and the leasing defendants.

{¶14}   We therefore conclude that the trial court abused its discretion, and Ascent's sole assignment of error has merit.

{¶15}   The judgments of the Portage County Court of Common Pleas are reversed, and the matter is remanded for further proceedings consistent with this opinion.


MARY JANE TRAPP, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

7