[Cite as *Casey v. Jones*, 2022-Ohio-1841.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DENNIS CASEY, JR.,                          :

    Plaintiff-Appellant,                  :

                                No. 110892

v.                                          :

KARI JONES, ET AL.,                         :

    Defendants-Appellees.                 :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 2, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-935672

---

### *Appearances:*

Dennis Casey, Jr., *pro se.*

McDonald Humphrey, LLP, Jonathan M. McDonald, and
Eric L. Foster, *for appellees.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Plaintiff-appellant Dennis Casey appeals the judgment of the trial court dismissing his complaint against appellees Kari Jones and KJ, an alleged limited liability corporation, and denying his motion for default judgment against KJ. In his complaint, Casey alleged that he was at Jones's home, that the home was

owned by KJ, and that, while there for social purposes, he was attacked and injured by an intruder. We affirm the trial court's dismissal of the complaint against Jones and KJ where Casey did not assert claims upon which relief could be granted. Further, because Casey did not assert claims entitling him to relief, we find that the trial court did not abuse its discretion by denying his motion for default judgment as to KJ.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 6, 2020, Dennis Casey filed a complaint against Kari Jones, KJ, and a John Doe. The complaint alleged that Jones was a resident of a home in Garfield Heights, Ohio (the "premises") and that KJ was a limited liability corporation that owned the premises. Casey alleged that on June 18, 2020, Casey was at the premises with Jones for social purposes and that while Casey was in the home, an unknown male entered, assaulted Casey, and put a gun to his head. Casey was able to call the police, and the unknown male left the home.

{¶ 3} The complaint consisted of seven causes of action of which three pertained to Jones and KJ, Counts 1, 2 and 4. In Count 1, Casey alleged negligence where Jones and KJ failed in a duty of care to take reasonable steps to ensure Casey's safety while he was on the premises as a "licensee." In Count 2, Casey alleged a cause of action for premises liability stating that Jones and KJ knew of a dangerous condition on the premises and failed to exercise reasonable care to reduce an unreasonable risk of harm by not providing adequate security. In Count 4, Casey alleged Jones and KJ negligently inflicted emotional distress. The remaining counts

of the complaint pertained only to John Doe and alleged causes of action of assault, battery, false imprisonment, and intentional infliction of emotional distress.

{¶ 4} Jones answered the complaint on September 14, 2020, within which she asserted as an affirmative defense that Casey failed to state a claim upon which relief could be granted. On September 30, 2020, Jones filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Within the motion, Jones argued that as to negligence, Casey's status on the premises did not give rise to any duty nor did he allege any fact, act, or omission that created a dangerous condition on the premises. As to the premises liability cause of action, Jones argued that she had no duty to protect Casey from the criminal conduct of a third party. Finally, as to the claim for negligent infliction of emotional distress, Jones argued that because Casey alleged that intentional conduct caused his injuries, there was no accident upon which his claim entitled him to relief.

{¶ 5} On October 8, 2020, Casey filed a motion for default judgment against defendant KJ alleging that KJ was served and failed to respond to the complaint. On October 27, 2020, Jones filed a motion asking the trial court to take judicial notice of the fact that there was no limited liability company, corporation, or legal entity in Ohio per the Ohio Secretary of State's business portal with a "variance of 'KJ, LLC' and none include the purported 'DEFENDANT KJ.'"

{¶ 6} On November 3, 2020, Casey filed his opposition to the motion to dismiss and averred that as a licensee, he was entitled to maintain his suit because Jones knew John Doe and that she should have known John Doe could commit the

crimes alleged against him. Further, Casey attached an affidavit including facts that were beyond those stated in the complaint to describe his injuries, his medical records, text messages, and a police report of the incident.

{¶ 7} By judgment entry on March 26, 2021, the trial court granted Jones's motion to dismiss and determined "plaintiff has failed to state claims against defendants Kari Jones and KJ as a matter of law and, therefore, the case is dismissed." The court further denied Casey's motion for default judgment against defendant KJ and found Jones's motion to take judicial notice of adjudicated facts to be moot.

{¶ 8} On April 1, 2021, Casey appealed the judgment entry of the court. On July 23, 2021, we dismissed the appeal for lack of a final order where the claims against John Doe had not been adjudicated, those claims had not been expressly abandoned, the one-year period for service of unknown defendants had not expired, and the judgment entry appealed did not find there was no just reason for delay.

{¶ 9} On August 2, 2021, Casey moved the trial court for an order to include the language of no just reason for delay in the judgment entry dated March 26, 2021. On October 6, 2021, the trial court granted Casey's motion by journal entry stating:

> The court having dismissed plaintiff's complaint against defendants Kari Jones and KJ on 3/26/2021 for failure to state a claim, and plaintiff having a separate claim against a John Doe defendant, pursuant to Civil Rule 54(B), the court determines that there is no just cause for delay as to defendants Kari Jones and KJ.

{¶ 10} On October 8, 2021, Casey again filed an appeal. In briefing to this court, Casey stated that no claim remained pending in the case against John Doe because he had not been identified or served.

## II. LAW AND ARGUMENT

### A. The court properly granted the motion to dismiss because Casey failed to state claims upon which relief could be granted

{¶ 11} Appellant's first assignment of error reads:

The Trial Court erred in dismissing Plaintiff-Appellant's complaint by determining Plaintiff-Appellant failed to state claims against Defendants-Appellees Jones and KJ as a matter of law.

{¶ 12} Under this assignment of error, Casey argues that his complaint against Jones and KJ properly alleged causes of action in negligence, premises liability, and negligent infliction of emotional distress and the court erred by granting Jones's motion to dismiss. Civ.R. 12(B)(6) provides that a defendant may move the court to dismiss a complaint where it fails to state a claim upon which relief can be granted. We review a ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6) de novo and, in doing so, accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *NorthPoint Properties v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 11 (8th Dist.). However, we have held that "'[l]egal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness.'" *Williams v. U.S. Bank Shaker Square*, 8th Dist. Cuyahoga No. 89760, 2008 Ohio 1414, ¶ 9, quoting C*rane & Shovel Sales Corp. v. Bucyrus-*

*Erie Co.*, 854 F.2d 802, 810 (6th Cir.1988); *Allstate Ins. Co. v. Electrolux Home Prods.*, 8th Dist. Cuyahoga No. 97065, 2012-Ohio-90, ¶ 8.

{¶ 13} In making a claim for negligence "a plaintiff must show the existence of a duty, a breach of that duty, and an injury that was proximately caused by the breach." *Rieger v. Giant Eagle, Inc.*, 157 Ohio St.3d 512, 2019-Ohio-3745, 138 N.E.3d 1121, ¶ 10. Further, failing to prove any of the necessary elements defeats the claim. *Id.* When the alleged negligence occurs in the premises-liability context, the applicable duty owed is determined by the relationship between the landowner and the plaintiff. *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 10, citing, *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996).

{¶ 14} In order to maintain a cause of action against Jones and KJ, Casey's status determines the duty of care owed him. Casey asserted within his complaint that he was a "licensee" on the premises. In this case, Jones disputes the existence of KJ as a limited liability corporation as alleged by Casey in the complaint. However, we are bound to accept the existence of KJ as true in our review of the trial court's grant of the motion to dismiss. *NorthPoint Properties* at ¶ 11. We are not bound to accept the legal conclusion that Casey was a licensee on the premises. *Lopez v. Dave's Supermarket*, 8th Dist. Cuyahoga No. 81549, 2003-Ohio-1350, ¶ 15, citing *Kirschnick v. Jilovec*, 8th Dist. Cuyahoga No. 68037, 1995 Ohio App. LEXIS 3773 (1995).

{¶ 15} The Ohio Supreme Court stated that "a person who enters the premises of another by permission or acquiescence, for his own pleasure or benefit, and not by invitation, is a licensee." *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986). In contrast, a social guest is defined as a person "who rightfully come[s] upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner." *Gladon* at 315, citing *Light at 68; Scheibel v. Lipton*, 156 Ohio St. 308, 102 N.E.2d 453 (1951), paragraph one of the syllabus. Despite pleading that he was a licensee on the premises, Casey alleged no fact that indicated he was at the premises for anything other than social purposes. Because Casey did not allege within the complaint any commercial activity for which he entered the premises and despite his self-classification as a licensee, we find that he pled facts that established he was a social guest at the premises.

{¶ 16} In *Carlton v. Williams*, 8th Dist. Cuyahoga No. 77853, 2000 Ohio App. LEXIS 5702, 9 (Dec. 7, 2000), we noted that a social guest is owed the duty described in paragraphs two and three of the syllabus in *Scheibel* as:

> 2. A host is not an insurer of the safety of a guest while upon the premises of the host and there is no implied warranty on the part of a host that the premises to which a guest is invited by him are in safe condition.

> 3. A host who invites a social guest to his premises owes the guest the duty (1) to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises, and (2) to warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition.

**{¶ 17}** Casey alleged Jones was negligent and should have warned him of a dangerous condition because it was foreseeable to Jones that John Doe would enter the premises and cause Casey harm. "It is fundamental that in order to establish actionable negligence, one must show the existence of a duty, a breach of the duty, and an injury proximately resulting therefrom." *Fed. Steel & Wire Corp. v. Ruhlin Constr. Co.*, 45 Ohio St.3d 171, 173, 543 N.E.2d 769 (1989). Further, in a context where a third party causes harm:

> Ordinarily, there is no duty to control the conduct of a third person by preventing him or her from causing harm to another, except in cases where there exists a special relationship between the actor and the third person which gives rise to a duty to control, or between the actor and another which gives the other the right to protection.

*Id.*

**{¶ 18}** In his complaint and argument to this court, Casey further alleged Jones knew John Doe and thus should have known John Doe would cause him harm. However, Casey did not plead any special relationship between Jones and John Doe that would give rise to Jones having a duty to control John Doe's conduct, nor did Casey plead a special relationship between him and Jones that indicated Jones had a duty to protect Casey. *See Hall v. Watson*, 7th Dist. Mahoning No. 01 CA 55, 2002-Ohio-3176, ¶ 15, citing *Gelbman v. Second Natl. Bank of Warren*, 9 Ohio St.3d 77, 79, 458 N.E.2d 1262 (1984). Accordingly, Casey did not state a claim entitling him to relief upon his causes of action in negligence or premises liability.

{¶ 19} Casey also alleged a cause of action for negligent infliction of emotional distress. In order to state a claim for negligent infliction of emotional distress, the plaintiff must first show negligent conduct on the part of the defendant. *Galland v. Meridia Health Sys.*, 9th Dist. Summit No. 23163, 2006-Ohio-4867, ¶ 11; *Stowe v. E. Toledo Boys & Girls Club*, 6th Dist. Lucas No. L-90-099, 1991 Ohio App. LEXIS 1577, 12 (Apr. 12, 1991). As we find Casey did not alleged facts to support a cause of action for negligence or premises liability, there is no negligent act upon which Casey could maintain a cause of action for negligent infliction of emotional distress. The trial court did not err in dismissing the complaint because Casey did not state claims upon which relief could be granted.

{¶ 20} The first assignment of error is overruled.

### B. The trial court did not err in denying Casey's motion for default judgment against KJ where he did not state claims upon which relief could be granted

{¶ 21} Appellant's second assignment of error reads:

The trial court erred in denying Plaintiff-Appellant's Motion for Default Judgment.

{¶ 22} Casey argues under this assignment of error that because KJ did not answer the complaint, he is entitled to default judgment pursuant to Civ.R. 55. We review a trial court's denial of a motion for default judgment for an abuse of discretion standard. *Deutsche Bank Trust Co. Ams. v. Smith*, 8th Dist. Cuyahoga No. 89738, 2008-Ohio-2778, ¶ 30. The term abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is

unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Civ.R. 55 provides in pertinent part that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore." However, in *Allan v. Allan*, 8th Dist. Cuyahoga Nos. 110177 and 110179, 2022-Ohio-1488, ¶ 44, we noted:

> "[A] default judgment should not be granted when the complaint fails to state a claim upon which relief could be granted." *X-S Merchandise, Inc. v. Wynne Pro, L.L.C.*, 8th Dist. Cuyahoga No. 97641, 2012-Ohio-2315, ¶ 11, citing *Streeton v. Roehm*, 83 Ohio App. 148, 51 Ohio Law Abs. 289, 81 N.E.2d 133 (1st Dist.1948) (A "court should make its decision conform to the law as applicable to the facts proven, and if no cause of action is shown no default judgment in plaintiff's favor should be rendered.") *State ex rel. Pullins v. Eyster*, 5th Dist. Knox No. 2009-Ohio-2846, ¶ 8.

{¶ 23} In resolving appellant's first assignment of error, we found that the trial court did not err in granting Jones's motion to dismiss because the complaint did not state claims upon which relief could be granted. Where there could be no cause of action maintained against Jones, there could be no cause of action maintained against KJ, and the trial court did not abuse its discretion in denying Casey's motion for default judgment.

## III. CONCLUSION

{¶ 24} The trial court properly dismissed Casey's complaint against Jones and KJ and denied Casey's motion for default judgment. Casey alleged in the complaint that he was at Jones's home for social purposes and he was attacked and injured by an intruder. However, because he did not allege facts that indicated Jones

or KJ had a duty to control the intruder or that they had a relationship with Casey conferring a duty of protection, he did not assert a claim in negligence or premises liability upon which relief could be granted. Because Casey did not assert claims entitling him to relief in negligence, he could not maintain a cause of action for negligent infliction of emotional distress. Further, the trial court did not abuse its discretion by denying the motion for default judgment where he was not entitled to relief.

{¶ 25} Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

SEAN C. GALLAGHER, A.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR